### BETTY CAUDLE KIGER v. JASPER THOMAS KIGER.

(Filed 21 November 1962.)

**1. Husband and Wife § 10—**

> The right of a married woman to support and maintenance is a property right which she may release by contract executed in conformity with the statute, and therefore a separation agreement executed in accordance with statute which is fair, just, and reasonable to the wife with regard to the conditions and circumstances of the parties at the time the agreement is made, is valid, and the certificate of the officer made pursuant to G.S. 52-12(b) is conclusive of the facts therein stated and may be impeached only for fraud.

**2. Divorce and Alimony § 16—**

> A valid separation agreement, including a consent judgment based thereon, cannot be ignored or set aside without the consent of the parties except as to the provisions for the custody and support of the minor children of the marriage, and therefore in an action for alimony without divorce after the execution of a valid separation agreement by the parties, the court is without power to award alimony or counsel fees to the wife in the absence of an attack on the validity of the separation agreement, or prayer that the payments therein stipulated should be sanctioned by order of the court.

APPEAL by defendant from *Johnston, J.,* at Chambers in Winston-Salem, North Carolina, on 2 June 1962. From FORSYTH.

This is an action for alimony *pendente lite,* permanent alimony, custody of the minor children born of the marriage between the plaintiff and defendant, and counsel fees, pursuant to the provisions of G.S. 50-16.

The plaintiff and the defendant were married on 21 December 1946 and there were two children born of the marriage, to wit, Charlie Thomas Kiger, age 12, and Martha Jane Kiger, age 10. These children reside with the plaintiff.

The plaintiff alleges adultery on the part of the defendant as grounds for her action. The defendant in his answer pleads a deed of separation dated 16 September 1961, signed by the plaintiff and defendant, as a

KIGER *v.* KIGER.

bar to the court's power to award permanent or temporary alimony. The deed of separation was duly executed before a justice of the peace as required by G.S. 52-12.

The deed of separation gives to each of the contracting parties the right to live separate and apart from the other, as if the respective parties were sole and unmarried. It further provides that the parties may carry on and engage in any employment, business, or profession, and that the same shall be for the use and benefit of the respective parties as if he or she were sole and unmarried.

The defendant, the party of the first part in the separation agreement, bound himself to do the following things for and on behalf of the plaintiff, the party of the second part, and the children born of the marriage: To deed or convey to her the house and lot on North Carolina Highway No. 8 in fee simple, together with all household and kitchen furniture in the same; one 1955 Ford automobile; to pay his wife, Betty Caudle Kiger, the sum of $10.00 per week for each of their children until said children become eighteen years of age; to pay all doctor bills for said children until they become eighteen years of age; to pay the 1961 county taxes on the home, and any encumbrances against said house and lot so that the wife will own the property free of debt.

The separation agreement contains this further provision: "The said wife agrees that in the event a suit for divorce should be instituted either by the wife or the husband, she will not pray the court, or otherwise ask for counsel fees, alimony *pendente lite,* or subsistence of any character for herself."

It was stipulated in the hearing below that the defendant paid $20.00 each week for the support of his children, beginning with 21 September 1961 through 28 October 1961; that beginning with 4 November 1961 and continuing each and every week through 1 June 1962, the defendant paid $30.00 each week for the support of his children.

It was also stipulated that the defendant has a net take-home pay from Hanes Hosiery Mills of $62.00 per week, or $268.67 per month.

It was further stipulated at the time of the hearing below that the defendant was obligated to make the following payments: $38.00 a month to the Hanes Hosiery Credit Union for balance due on the Ford automobile conveyed to plaintiff (this loan was paid in full in August 1962 if the defendant paid all installments when due); $37.64 a month to the First Federal Savings and Loan Association to liquidate the balance due on the encumbrance on the house and lot conveyed to plaintiff (the balance due on this loan will be liquidated in September 1963 if all installments are paid when due); $28.00 a month to the

Family Finance Corporation on a loan for furniture purchases made prior to the separation of the parties and conveyed to the plaintiff (the balance on this loan on the date the order was signed below was $196.00); $14.00 per month on a television purchased prior to the separation and conveyed to the plaintiff (the unpaid balance at the time the order was signed below was $216.00); and $3.50 per month on a hospital and surgical policy which the defendant is carrying on his children.

The court below, in light of the evidence and stipulations, found facts and entered an order awarding the plaintiff alimony as follows: "$30.00 per week beginning June 8, 1962 and on each Friday thereafter until the first Friday in August 1962; $35.00 per week beginning the first Friday in August 1962, and a like amount thereafter until the first Friday in September 1963; $45.00 per week beginning the first Friday in September 1963, and a like amount during the pendency of this action or until the further order of this court * * *."

The order further requires the defendant to pay counsel fees to plaintiff's counsel in the sum of $100.00; to maintain and make payments on the home and automobile each month as such payments become due. Custody of the minor children born of the marriage was awarded to plaintiff with reasonable visitation privileges for the defendant.

The defendant appeals, assigning error.

*R. Kason Keiger for plaintiff appellee.*

*Deal, Hutchins & Minor, and Edwin T. Pullen for defendant appellant.*

DENNY, C.J.  Since the decision in *Archbell v. Archbell,* 158 N.C. 408, 74 S.E. 327, this Court has upheld separation agreements whenever a fair, just and reasonable provision has been made for the wife, having due regard to the condition and circumstances of the parties at the time the agreement was made, and when the agreement has been executed in the manner required by law.

The right of a married woman to support and maintenance is held in this jurisdiction to be a property right. *Archbell v. Archbell, supra; Walton v. Walton,* 178 N.C. 73, 100 S.E. 176; *Smith v. Smith,* 225 N.C. 189, 34 S.E. 2d 148, 160 A.L.R. 460; *Daughtry v Daughtry,* 225 N.C. 358, 34 S.E. 2d 435; *Bolin v. Bolin,* 246 N.C. 666, 99 S.E. 2d 920.

The right of support being a property right, the wife may release such right by contract in the manner set out in G.S. 52-12. In the acknowledgment and execution of such contracts, the certificate of the officer is made by statute conclusive of the facts therein stated but

may be impeached for fraud as other judgments may be. G.S. 52-12, subsection (b).

The provisions of a valid separation agreement, including a consent judgment based thereon, cannot be ignored or set aside by the court without the consent of the parties. Such agreements, including consent judgments based on such agreements with respect to marital rights, however, are not final and binding as to the custody of minor children or as to the amount to be provided for the support and education of such minor children. *Holden v. Holden,* 245 N.C. 1, 95 S.E. 2d 118. Otherwise, the parties to a valid separation agreement are remitted to the rights and liabilities under the agreement or the terms of the consent judgment entered thereon. *Lentz v. Lentz,* 193 N.C. 742, 138 S.E. 12; *Brown v. Brown,* 205 N.C. 64, 169 S.E. 818; *Turner v. Turner,* 205 N.C. 198, 170 S.E. 646; *Davis v. Davis,* 213 N.C. 537, 196 S.E. 819; *Holden v. Holden, supra.*

The agreement involved herein has not been attacked by the plaintiff on the ground of fraud or coercion in its procurement or execution, consequently, so long as it stands unimpeached, the parties are bound thereby.

We do not concur in the plaintiff's contention that the case of *Butler v. Butler,* 226 N.C. 594, 39 S.E. 2d 745, supports the ruling of the court below in awarding the plaintiff alimony and counsel fees, notwithstanding the fact that a separation agreement had been entered into. In the *Butler* case the separation agreement contained the following provision: "Each party hereto reserves the right to appeal to the Resident Judge of the Second Judicial District of North Carolina for a revision in the amount to be paid to the said wife, either for the joint support and maintenance of the said wife and the said Robert Allen Butler, or solely for the support and maintenance of said wife." The *Butler* case is not controlling on the facts presented on this record.

Likewise, we do not concur in the view of plaintiff's counsel to the effect that the separation agreement executed by the parties to this action left the question of support open for the court to adjudicate.

We hold that it is implicit in the separation agreement that the wages earned by the respective parties after the separation, and any profits realized from any business or profession, were to be for the use and benefit of the party earning the wages or making the profits, "as if he (or she) were sole and unmarried." This language runs counter to the plaintiff's contention. Furthermore, the wife, the plaintiff herein, expressly agreed to the following statement in the separation agreement: "The said wife agrees that in the event a suit for divorce should be instituted either by the wife or the husband, she will not pray the court, *or otherwise ask for counsel fees, alimony pendente lite, or subsistence of any character for herself.*" (Emphasis added)

Therefore, we hold that the plaintiff is bound by the terms of the separation agreement dated 16 September 1961 and the court below was without power to award alimony and counsel fees to plaintiff in the absence of an attack on the validity of the separation agreement.

It may be that the defendant is infatuated with another woman, as alleged in the complaint, which is denied in the answer, even so, the evidence on this record tends to show that beginning with November 1961 and up to the time of the hearing below, the defendant, with a net income of $268.67 per month, has expended $251.14 each and every month for the support of his minor children or in making payments on indebtedness outstanding against the real and personal property conveyed to the plaintiff under the terms of the separation agreement, leaving only $17.53 a month from his net earnings for his own living expenses, which has made it necessary for the defendant to move in and live with his father and to depend on his father for room and board. Cf. *Davidson v. Davidson*, 189 N.C. 625, 127 S.E. 682.

The order entered below is set aside except as to custody, about which there is no controversy. The additional relief sought will be denied unless the plaintiff recasts her pleadings and raises questions not now raised by the present pleadings.

Error & remanded.