CAROLYN J. VAN EVERY v. PHILIP L. VAN EVERY.

(Filed 3 November, 1965.)

**1. Pleadings § 30—**

Defendant's motion for judgment on the pleadings presents the question of law whether the complaint as modified by the reply alleges facts sufficient to state a cause of action or admits facts which constitute a complete legal bar thereto.

**2. Divorce and Alimony § 16—**

A valid separation agreement executed in conformity with G.S. 52-12 precludes the wife from thereafter maintaining an action for alimony in addition thereto.

**3. Husband and Wife § 12—**

The eminence, experience, and character of counsel who represent the

wife in procuring a property settlement bear directly on her subsequent attempt to set it aside as fraudulent.

**4. Same—    Allegations held insufficient to raise issue of fraud in procuring execution of separation agreement.**

In this action for alimony without divorce, plaintiff admitted in her reply that she had executed the separation agreement attached to and made a part of defendant's answer, but alleged that she was then suffering mental and emotional disability so that she did not understand its force and effect, that its execution was procured by fraud, and that the consideration was so grossly inadequate as to amount to a total failure of consideration. The separation agreement disclosed that it was executed in conformity with G.S. 52-12, that it was prepared by eminent counsel for the respective parties after disclosure of the husband's financial condition in reasonable detail, and that the consideration therefor was a home, its furnishings, automobiles and, at the plaintiff's insistence, a large sum in cash in lieu of periodic payments of alimony. *Held:* Plaintiff's reply asserted mere conclusions and failed to allege facts which, if found to be true, would permit the legitimate inference that plaintiff was induced by fraudulent misrepresentations to execute the separation agreement, and the reply is insufficient to raise the issue of fraud.

**5. Pleadings § 30—**

On motion for judgment on the pleadings, exhibits attached thereto and made a part thereof are properly considered.

APPEAL by plaintiff from *Riddle, S.J.*, March 22, 1965 Schedule D Session, MECKLENBURG Superior Court.

On January 12, 1965, the plaintiff instituted this civil action for alimony without divorce. She filed a 23-page complaint reviewing in minute detail the domestic troubles of the parties since their marriage in June, 1935. She alleged that at the time of the marriage the defendant was working for a salary of $30.00 per week. She alleged, on information and belief, that his present worth is five million dollars and his annual income is $250,000.00. In the reply she alleges the income to be $123,000.00. Of the four children of the parties, all girls, three of them are married and have homes of their own. The youngest daughter, now 20, lives with the plaintiff. The defendant has made such provision for the youngest daughter as well as the other children that neither requires help from the plaintiff.

Among the marital difficulties, the plaintiff alleges the defendant wrongfully accused her of borrowing $6,000.00 from one of the Charlotte banks, whereas in fact she had not borrowed money but had requested and obtained an advance of $6,000.00 from a trust fund the parties had set up for her to be paid at the rate of $1,-500.00 per month for her household and personal expenses.

The plaintiff, in her prayer for relief, demands $3,000.00 per month

temporary, and a like amount of permanent, alimony and suitable counsel fees. She prayed for an attachment of all the defendant's property, including the garnishment of his accounts in four Charlotte banks. She asked that a receiver be appointed to take charge of all defendant's property located in this State.

The defendant filed a verified answer in which he denied substantially all charges of mistreatment specified in the complaint, denied the allegations as to his wealth. However, he admitted the parties had separated at the time alleged because of irreconcilable differences and that the separation was by agreement. As a bar to this action, he alleged that on December 31, 1963, the parties entered into a separation and property settlement agreement, a copy of which was attached to and made a part of the answer.

Between the date of the separation and the date of the agreement, able, experienced, conscientious, and highly successful attorneys represented both parties. After exhaustive inquiry on the part of plaintiff's counsel who obtained from the defendant's counsel an inventory of defendant's assets, the agreement was carefully and painstakingly prepared and all terms made known and agreed to by the parties. We quote here a few of the pertinent provisions:

"1. It is agreed that from and after the date of this Separation Agreement, the said Philip L. Van Every and Carolyn J. Van Every shall and will continue to live separate and apart, each from the other, as fully, completely and in the same manner and to the same extent as though they had never been married.

"3. Each of the parties hereto is fully and completely informed of the financial and personal status of the other, and the said husband has furnished to the wife and her attorneys a personal financial statement showing his estimated net worth and his current annual income, all in reasonable detail, and each of the parties hereto has given full and mature thought to the making of this Agreement, and all of the obligations contained herein, and each of the parties hereto has been and is represented by counsel, and each of the parties understands that the agreements and obligations assumed by the other are assumed with the express understanding and agreement that they are in full satisfaction of all rights which each of the said parties now has or might hereafter or otherwise have in the property or estate of the other and in full satisfaction of all obligations, which each of said parties now has or might hereafter or otherwise have toward the other."

The settlement provided that the defendant convey to the plain-

tiff the home located on Hastings Drive in Charlotte, all household furnishings located therein, a Cadillac automobile and a station wagon, and to make the following payments in cash: $120,000.00 upon the execution of the settlement; $100,000.00 on April 1, 1964; $100,000.00 on July 1, 1964; and $100,000.00 on September 1, 1964. The plaintiff agreed to accept the payments in lieu of all claims growing out of the marriage, including right to administer on the defendant's estate or share therein, or to dissent from his will.

> "7. Wife acknowledges that she and her counsel have expressly requested a lump sum settlement in lieu of, relinquishment and waiver of all maintenance, support and alimony and claims for maintenance, support and alimony, and Wife fully understands and agrees that Husband has no further obligation to maintain and support Wife and will not be responsible for the further maintenance and support of Wife under any circumstances. . . ."

In fulfillment of all obligations which the defendant assumed under the deed of separation, he conveyed to the plaintiff the residence at 2018 Hastings Drive in Charlotte, together with all household furnishings therein. Likewise, he stipulated that the plaintiff was the owner of the Cadillac automobile and the station wagon. He further alleged that he paid to the plaintiff the sum of $420,000.00 in cash.

The plaintiff, by reply, admitted the execution of the separation agreement, her acknowledgement before the Clerk of Superior Court in the manner provided by law for contracts between husband and wife, and that the Clerk entered this certificate: "I do further certify that it has been made to appear to my satisfaction and I do find as a fact that the same is not unreasonable or injurious to her."

The plaintiff seeks to nullify and set aside the separation agreement upon the basis of these allegations: "(T)hat on December 31, 1963 (a) she was incapable by reason of physical, mental and emotional illness and disability to know and understand the force and effect of her act in signing and acknowledging said paper writing; . . . (b) the plaintiff's signature upon said paper writing and her acknowledgment of the execution of the same (were) procured by the fraudulent misrepresentations communicated by the defendant to the plaintiff; (c) the consideration paid by the defendant to the plaintiff in connection with procuring the plaintiff's signature upon said paper writing was so grossly inadequate as to amount to a total failure of consideration and a constructive fraud practiced by the defendant upon the plaintiff."

The reply further alleged: "(T)he plaintiff was advised that the execution of the paper writing did not constitute any permanent settlement because the defendant would return and resume the marriage relationship within a few weeks, and that the money to be received by the plaintiff under the terms of the paper writing was tantamount to a gift. . . . At the time the plaintiff acknowledged her execution of said paper writing she did not know or understand the legal force and effect of her execution . . . did not realize that the terms and provisions . . . were unreasonable and injurious to her, . . . or . . . that the paper writing constituted any permanent or final settlement between her and the defendant." She asked the court to declare that the separation agreement is neither legally binding nor valid so as to bar the plaintiff from the assertion of all rights which she has by reason of the marriage.

The defendant filed a written motion for judgment on the pleadings, which consisted of the complaint, answer, to which was attached the separation agreement, and the reply, all of which were verified. The court, after argument, concluded the plaintiff had not offered any valid challenge to the deed of separation, the formal execution of which she admitted. The court held that the rights of the parties were fixed by the agreements which constituted a complete bar to the action. The petition for alimony and attorney's fees was denied and the action was dismissed. The plaintiff appealed.

*Herbert, James & Williams, and Jordan, Wright, Henson & Nichols for plaintiff appellant.*

*Warren C. Stack; Kennedy, Covington, Lobdell & Hickman by Frank H. Kennedy for defendant appellee.*

HIGGINS, J. The plaintiff has appealed from an adverse judgment on the pleadings. The motion for such judgment is in the nature of a demurrer, allowable against the plaintiff only when the complaint as modified by the reply fails to allege facts sufficient to state a cause of action or admits facts which constitute a complete legal bar thereto. When all facts necessary to establish the plea in bar are either alleged or admitted in the plaintiff's pleadings, it becomes the duty of the court to pass on the plea as a matter of law. *McFarland v. Publishing Co.*, 260 N.C. 397, 132 S.E. 2d 752; *Erickson v. Starling*, 235 N.C. 643, 71 S.E. 2d 384; *Adams v. Cleve*, 218 N.C. 302, 10 S.E. 2d 911; *Mitchell v. Strickland*, 207 N.C. 141, 176 S.E. 468.

Conceding the plaintiff in her complaint states a cause of action for alimony under G.S. 50-16, nevertheless, by her reply, she ad-

mits she executed a separation agreement and property settlement in accordance with the statutory formality required by G.S. 52-12. At the time she executed the agreement and during the negotiations leading up to its preparation, she was represented by Messrs. Carswell & Justice, Attorneys of Charlotte, who participated for weeks in the negotiations which culminated in the settlement. She admits she received the home and all furnishings in Charlotte; a Cadillac automobile and a station wagon; and in lieu of periodic payments of alimony she received, at her own insistence and request, a lump sum payment of $420,000.00 in cash. The record discloses she received (and still receives) $1,500.00 monthly from a trust fund set up for her by the defendant and his mother.

On the argument the plaintiff's present counsel do not deny that the plaintiff's attorneys in the settlement proceedings were highly successful members of the Bar, possessed a high degree of legal learning and business experience. The eminence, experience, and character of counsel who represent the plaintiff in procuring a property settlement bear directly on her subsequent attempt to set it aside as fraudulent. "The presence of able counsel for the wife at the conference resulting in a separation agreement, and at the time she executes and acknowledges a deed of separation, 'negatives the inference or contention that she was incompetent to understand the arrangements, and was ignorant of its terms and did not know what she was doing, (citing authorities). The courts will subject the wife's claim of fraud, duress, or undue influence to a far more searching scrutiny where she was represented by counsel in the making of the agreement and throughout the negotiations leading up to its execution.'" *Joyner v. Joyner*, 264 N.C. 27, 140 S.E. 2d 714.

The plaintiff's pleadings are devoid of any factual allegations which raise an issue of fraud in procuring the separation agreement. The allegation, "(T)he plaintiff was advised (by whom is not disclosed) that the paper did not constitute a permanent settlement because the defendant would return, resume marriage relations, and the money received would be tantamount to a gift," is an insufficient allegation on which to impeach the Clerk's certificate required by G.S. 52-12. The above allegation reflects more on the plaintiff's good faith than upon the defendant's lack of it. Nor are we impressed with the allegation that the provisions made for the wife are so grossly inadequate as to amount to a total failure of consideration for the contract. According to the plaintiff's allegation, the defendant's salary at the time of their marriage was $30.00 per week. Thirty years later a trust fund of $1,500.00 per month, a furnished home,

two automobiles, and $420,000.00 in cash constitute "a total failure of consideration."

In the examination of the pleadings to determine whether a plea in bar is established thereby, we may treat the exhibit to the answer (the property settlement and separation agreement) as a part of the pleadings. The plaintiff's reply admits its execution. *Sale v. Johnson, Com'r.*, 258 N.C. 749, 129 S.E. 2d 465. A separation agreement in which fair and reasonable provision is made for the wife will be upheld when executed by her in the manner provided by G.S. 52-12. *Kiger v. Kiger*, 258 N.C. 126, 128 S.E. 2d 235; *Bolin v. Bolin*, 246 N.C. 666, 99 S.E. 2d 920; *Archbell v. Archbell*, 158 N.C. 408, 74 S.E. 327. A valid separation agreement cannot be set aside or ignored without the consent of both parties. The intent of the parties as expressed in such an agreement is controlling. *Bowles v. Bowles*, 237 N.C. 462, 75 S.E. 2d 413; *Lawson v. Bennett*, 240 N.C. 52, 81 S.E. 2d 162. The statute (G.S. 52-12) provides that the certificate of the probate officer shall be conclusive. However, the contract may be set aside if induced by fraud. The plaintiff, however, must allege *facts* which, if found to be true, permit the legitimate inference that the defendant induced the plaintiff by fraudulent misrepresentations to enter into the contract which but for the misrepresentations she would not have done. If the pleading alleges conclusions rather than facts, it is insufficient to raise an issue of actual fraud. When tested by the applicable rules of construction, the plaintiff's allegations are insufficient to overcome the force and effect of her separation agreement. These deficiencies appear upon the face of the pleadings. Judge Riddle properly sustained the plea in bar, denied relief, and dismissed the action. His judgment is

Affirmed.