### ELSIE R. TRIPP v. WILLIAM HENRY TRIPP.

(Filed 4 February, 1966.)

1. **Husband and Wife § 12—**

   A separation agreement under which the wife receives most of the household furnishings, monthly payments of alimony for two years, and release of the husband's interest in two tracts of land, upon her agreement that if he complied with the agreement for a period of two years she would quitclaim her interest in land deeded to them by the entireties by his parents, is not subject to attack on ground of want of consideration.

2. **Same—**

   The certification of a separation agreement executed in accordance with G.S. 52-6 is conclusive except for fraud.

3. **Same—**

   Where the wife's own evidence discloses that she signed the separation agreement against the advice of her counsel in order to "be rid of" her husband, that she had received practically all of the benefits provided for her under the agreement but that her obligations thereunder had not matured, that the agreement was supported by consideration and was executed in conformity with G.S. 52-6, and that she went alone to the clerk's office and signed the agreement, the evidence is insufficient to raise the issue of whether the agreement was vitiated by fraud.

APPEAL by defendant from *Carr, J.,* August 1965 Session of HARNETT Superior Court.

The plaintiff instituted this civil action to have the court set aside a written separation agreement entered into on June 28, 1961,

between the parties, who were then living in a state of separation. The wife's suit for divorce from bed and board, for alimony, counsel fees and custody of the children was then pending.

The plaintiff alleged the agreement should be declared void and set aside upon two grounds: (1) She received no consideration for its execution. (2) She executed and acknowledged it under duress. After hearing the plaintiff's evidence the court submitted an issue which the jury answered finding the plaintiff executed the agreement under "duress exerted upon her by her husband." From the judgment declaring the agreement void and setting it aside, the defendant appealed.

*Wilson, Bain & Bowen by Edgar R. Bain for plaintiff appellee.*
*Morgan and Williams by Robert B. Morgan for defendant appellant.*

HIGGINS, J. The plaintiff attached copy of the separation agreement as an exhibit to her complaint. She introduced the instrument in evidence for the purpose of attack. The agreement shows the mutual promises the parties made as consideration for its execution. The plaintiff received all the household furnishings (except those in the defendant's room), monthly payments of alimony for two years, and release of the husband's interest in two tracts of land owned by the plaintiff. The plaintiff agreed if the husband complied with the agreement for two years she would execute a quitclaim deed for her interest in the 23 acres of land which the defendant's parents had deeded to the parties as tenants by the entireties. In her testimony the plaintiff admitted the defendant had fulfilled his obligations according to the agreement. For these reasons the presiding judge was correct in refusing to submit an issue based on the allegation the agreement was without consideration.

On appeal, counsel for the parties debated the question whether duress, as alleged in the complaint, is sufficient in its vitiating effect to require that the agreement be set aside. A contract between husband and wife falls within a special classification. The law requires the certifying officer to conduct an examination and to determine the contract was duly executed, and to certify that it is not unreasonable or injurious to her. G.S. 52-12 (now G.S. 52-6). The certificate is conclusive except for fraud. If we concede duress is a species of fraud embraced within the statute, and if the complaint contained enough factual averments to raise the issue of fraud, even then we are confronted with the question whether the plaintiff's evidence is sufficient to go to the jury.

The plaintiff testified the defendant had assaulted her many

times during their married life, especially when he was drinking. He threatened her life if she ever attempted to take any interest in the lands his parents gave them as tenants by the entireties. She was afraid of him for what he might do to her and to the children and for that reason signed the separation agreement. However, on cross-examination she admitted she wanted the separation agreement. "I know my lawyer told me I did not have to sign it, but it was such a pleasure to be rid of him." Since the separation she has obtained an absolute divorce. Hence, if the contract was set aside she would have no further claim for support for herself. The defendant is still responsible for the support of the children. She would be relieved of her obligation to execute the quitclaim deed.

This Court has reviewed many cases in which one party has attempted to set aside a separation agreement, although executed and certified according to the formalities required by G.S. 52-12, now 52-6. The recent cases are *McLeod v. McLeod, ante* 144, *Van Every v. Van Every,* 265 N.C. 506, 144 S.E. 2d 603; *Joyner v. Joyner,* 264 N.C. 27, 140 S.E. 2d 714; *Kiger v. Kiger,* 258 N.C. 126, 128 S.E. 2d 235, and *Bowles v. Bowles,* 237 N.C. 462, 75 S.E. 2d 413. When the contract is made in good faith, is executed according to the requirements, and performed on one side, the Court does not look with favor on efforts to set it aside except upon valid legal grounds.

In this case the plaintiff made no complaint until after she had received the benefits under the contract for the full two years. She delayed her objection from the date of the agreement, June 28, 1961, until July 18, 1963. According to her own admission, she went to the clerk's office by herself and signed the agreement, although her attorney had mildly advised her against it. If we treat the conclusory aspects of her complaint as factual averments, nevertheless her evidence of duress is not sufficient to support the issue which the court submitted and which the jury answered. The court at the conclusion of the plaintiff's evidence should have sustained the motion to nonsuit and entered judgment dismissing the action. The judgment entered in the superior court is

Reversed.