CAROL FLETCHER v. GALE CORVIN FLETCHER, MABEL FLETCHER LAWSON AND HUSBAND, WILLIAM C. LAWSON

No. 7415SC671

(Filed 2 October 1974)

1. **Appeal and Error § 57— nonjury trial — review of trial court's findings**

    In a nonjury trial the resolution of conflicting evidence is a matter for the court, and when the evidence is sufficient to support the findings and when error of law does not appear upon the face of the record proper, the judgment will not be disturbed on appeal.

2. **Husband and Wife § 10— separation agreement signed under duress — ownership of property**

    In a proceeding for a partition sale of real property, evidence was sufficient to support the trial court's findings that the husband had inflicted violence on the wife, that the husband threatened to kill her if she did not sign a separation agreement by which the husband claimed sole ownership of the real property in question, and that the wife signed the agreement because she was afraid not to sign.

3. **Husband and Wife § 10— separation agreement — examination of wife — certificate attacked for fraud**

    G.S. 52-6 requires that a certifying officer conduct an examination and determine that a separation agreement was voluntarily executed and certify that the agreement is not unreasonable or injurious to

---

Fletcher v. Fletcher

---

the wife; the certificate of the officer is conclusive of the facts therein stated, but it may be impeached for fraud.

APPEAL by defendants from *Clark, Judge,* 4 February 1974 Session of Superior Court held in ALAMANCE County.

This is a special proceeding for a partition sale of real property.

Petitioner, Carol Fletcher, alleged that she was formerly married to Gale Corvin Fletcher, respondent; that she and respondent had become owners of an estate by the entireties in certain real property; that respondent had conveyed his interest in said property by deed of trust to secure a purported debt; that she never signed said deed of trust and therefore did not convey her interest in the land; that thereafter she and respondent were divorced; and, that an actual partition cannot be made without injuries to the interested parties.

Respondent answered and, among other things, claimed sole ownership of the real property in question by reason of the provisions of a separation agreement dated 16 March 1971.

Petitioner's reply attacked the validity of the separation agreement, claiming the agreement was not executed in compliance with the formal requirements of law and that the agreement was signed by petitioner under coercion and undue influence exercised upon her by respondent.

Following petition, answer and reply, the Clerk transferred the cause to the civil issue docket of the Superior Court where the case was tried by the Court without a jury.

The issue at trial was whether the separation agreement excluded plaintiff from any interest in the real estate.

The record indicates that respondent offered evidence first, as follows. He and petitioner entered into a separation agreement on 16 March 1971, whereby petitioner conveyed to respondent her interest in the real property in question. Although respondent testified that petitioner signed a quitclaim deed to the property, he admitted that there had been no delivery of the deed. At the time of and prior to its execution, respondent and petitioner had negotiated with respect to the agreement. Respondent engaged the services of an attorney and petitioner elected not to employ an attorney to represent her interest.

Fletcher v. Fletcher

Respondent never mistreated petitioner. He never made a threat on her life and did not threaten to kill petitioner if she did not sign the agreement. Respondent admitted one act of violence on petitioner when petitioner returned home after staying out all night. Respondent slammed a door on her arm, but both parties were at fault. Respondent never interferred with petitioner at the privy examination conducted in the magistrate's office and the examination was conducted as required by statute.

In summary, the thrust of respondent's evidence was that petitioner freely and voluntarily executed the agreement and that the same was not unreasonable or injurious to her.

Petitioner testified in summary as follows. Respondent had inflicted violence on her person and once used a wrench to cut her hand when she was attempting to enter a storm door. Petitioner talked with the respondent's attorney about the separation agreement but only in respondent's presence. Petitioner saw the deed of separation for the first time on 16 March 1971.

When petitioner signed the separation agreement in the magistrate's office, the door was not shut and respondent and his attorney were observing her during the examination. Prior to the time of the signing of the separation agreement by petitioner, respondent had threatened to kill her and make her death look like an accident if she did not sign. She believed respondent and signed the agreement for fear she would be harmed if she refused to do so.

The Court made findings of fact in favor of petitioner which were generally in accord with petitioner's testimony and concluded that the signing of the separation agreement by petitioner was not voluntary and of her own free will but was the result of coercion and duress practiced upon her by respondent. The Court adjudged that the separation agreement was void and petitioner was a tenant in common in the property.

*W. R. Dalton, Jr., for plaintiff appellee.*

*Frederick J. Sternberg for defendant appellants.*

VAUGHN, Judge.

[1] In a nonjury trial the resolution of conflicting evidence is a matter for the Court, and when the evidence is sufficient to support the findings and when error of law does not appear

upon the face of the record proper, the judgment will not be disturbed on appeal. *Wall v. Timberlake,* 272 N.C. 731, 158 S.E. 2d 780. The judge's factual findings, if supported by competent evidence, are as conclusive on appeal as the verdict of a jury. *McMichael v. Borough Motors, Inc.,* 14 N.C. App. 441, 188 S.E. 2d 721. This is the rule notwithstanding that, as here, there is evidence which would sustain contrary findings.

[2]  The Court made findings that respondent had inflicted violence on petitioner, that respondent threatened to kill her if she did not sign the separation agreement, and that she signed the agreement because she was afraid not to sign. These and other findings were supported by the petitioner's evidence. The Court was at liberty to disbelieve all of respondent's evidence to the contrary.

[3]  G.S. 52-6 establishes statutory requirements for the execution of separation agreements between husband and wife. Among other things, the certifying officer must conduct an examination and determine that the agreement was voluntarily executed, and certify that the agreement is not unreasonable or injurious to the wife. *See Tripp v. Tripp,* 266 N.C. 378, 379, 146 S.E. 2d 507, 508. "The certificate of the officer shall be conclusive to the facts therein stated but may be impeached for fraud as other judgments may be." G.S. 52-6. *See Kiger v. Kiger,* 258 N.C. 126, 128 S.E. 2d 235. The certificate is conclusive except for fraud. Tripp, *supra,* at 379, 146 S.E. 2d, at 508. Duress and undue influence are both a species of fraud. *Joyner v. Joyner,* 264 N.C. 27, 140 S.E. 2d 714. Duress may take the form of unlawfully inducing one to make a contract or to perform some other act against his own free will. It may be manifested by threats or by the exhibition of force which apparently cannot be resisted. *See Smithwick v. Whitley,* 152 N.C. 369, 67 S.E. 913.

The Court's findings of fact, based upon evidence offered by petitioner, supports the Court's conclusions of law, including the conclusions that respondent practiced coercion, undue influence and duress upon petitioner so as to render petitioner's execution of the agreement involuntary. Such coercion amounts to fraud and renders the agreement void and not binding on petitioner.

The judgment from which respondent appealed is affirmed.

Affirmed.

Judges CAMPBELL and PARKER concur.