PENNSYLVANIA NATIONAL MUTUAL CASUALTY INSURANCE COMPANY, PLAINTIFF, AND PERRY C. HENSON AND E. C. THOMPSON III, ADDITIONAL PLAINTIFFS v. GEORGE E. CLARK, DEFENDANT

No. 7418SC684

(Filed 16 October 1974)

Insurance § 135— fire loss — settlement of negligence action — subrogation claim of insurer

The evidence supported the trial court's finding that defendant accepted a settlement of $110,000 in a negligence action for a fire loss with knowledge that it included the subrogation claim of plaintiff insurer for $27,485 it had paid to defendant under a fire insurance policy and that defendant agreed to reimburse plaintiff insurer for his pro rata share of engineering expenses.

APPEAL by defendant from Long, Judge, 11 March 1974 Session of Superior Court held in GUILFORD County.

Heard in Court of Appeals 29 August 1974.

This is an action brought by plaintiff, Pennsylvania National Mutual Casualty Insurance Company (Pennsylvania), to determine the rights of the parties in the proceeds of a settlement reached in a case arising out of a fire loss sustained by defendant, George E. Clark (Clark). Pennsylvania paid Clark the sum of $27,485.50 pursuant to a fire insurance policy which it had issued to Clark and then joined with him in a negligence action against Carolina Power and Light Company. During the trial of the negligence case a settlement was reached upon the claims of Pennsylvania and Clark for a total payment of $110,000.00. At the time the $110,000.00 was received, the parties were unable to agree upon the amounts to be allocated to their respective claims; hence this action.

A jury trial was waived, and the case was heard by the court without a jury.

The principal issue in controversy was the existence of an agreement providing for the distribution of the proceeds of the settlement, and the evidence upon this point was conflicting.

The pertinent findings of fact of the trial court were as follows:

"2. Shortly after the case was settled, the attorneys for the parties hereto prepared a disbursement schedule which provided that the plaintiff was to receive $27,485.50, less attorneys' fees and expenses and that the defendant, George E. Clark, was to receive $82,514.50, less attorneys' fees and expenses. The defendant refused to authorize the disbursement of the settlement proceeds and still refuses to authorize the disbursement of the settlement proceeds in accordance with the disbursement schedule which was prepared by counsel for the parties.

"3. At the trial of the damage action in Duplin County, the plaintiff offered evidence that it had paid George E. Clark the sum of $27,485.50 pursuant to a fire insurance policy on the building owned by the defendant. Prior to the settlement of the property damage action and prior to the entry of a judgment dismissing the property damage action, the defendant inquired of Perry C. Henson as to whether the plaintiff would accept less than its full payment to the defendant in settlement of its claim for damages against the defendant in the damage action. Perry C. Henson asked Robert E. Dietz, Claims Manager, if the plaintiff would accept something less than full payment in settlement of its claim for damages and Robert E. Dietz told Perry C. Henson that the plaintiff would not accept anything less than full reimbursement in settlement of the case. Perry C. Henson told the defendant that the plaintiff in this action would not accept anything less than full reimbursement of the amount paid him in settlement of that action.

"4. At the time the defendant agreed to accept the sum of $110,000.00 in full settlement of the entire claim for damages to the building and personal property of the defendant, the defendant knew that his insurance company

had already paid him the sum of $27,485.50, that his insurance company had pursued its subrogation claim from the very outset of the case, that the plaintiff herein was an additional plaintiff in the property damage action, that the amount of the loss which the plaintiff herein had paid to the defendant herein was offered into evidence, that the plaintiff herein refused to accept any amount less than full reimbursement of the property damage action, and that the settlement of the case for $110,000.00 included the subrogation claim of the plaintiff. At the time of the settlement conference between the defendant and the attorneys, the defendant did not even ask any of the attorneys to adjust the settlement as between the defendant and the plaintiff. When George E. Clark authorized his attorneys to settle the entire case for $110,000.00, he was agreeing to accept the sum of $82,514.50 as his part of the overall settlement and he knew that the plaintiff was to have $27,485.50 as its part of the overall settlement."

Judgment was entered for Pennsylvania for $27,485.50 from the settlement proceeds and the sum of $842.26 as reimbursement for the pro rata share of Clark of the bill for engineering services. Defendant Clark appealed to this Court.

*Smith, Moore, Smith, Schell & Hunter, by Stephen P. Millikin, for plaintiff appellee.*

*Gunn & Messick, by Robert L. Gunn, for defendant appellant.*

BALEY, Judge.

Defendant contends that the evidence was insufficient to show an agreement for the distribution of proceeds received from the settlement in the negligence action. The trial court has found as a fact that defendant agreed to accept the settlement and knew that plaintiff was to have $27,485.50 as its part of the settlement. The court also found that defendant agreed to reimburse plaintiff for his pro rata share of the engineering expense.

"Where issues of fact are tried by the court without a jury, the trial judge becomes both judge and jury, and his findings of fact, if supported by competent evidence, are as conclusive on appeal as the verdict of a jury. *Coggins v. City of Asheville,* 278 N.C. 428, 180 S.E. 2d 149. . . ." *McMichael v. Motors, Inc.,*

14 N.C. App. 441, 445, 188 S.E. 2d 721, 723. This is true even though there is evidence which would support contrary findings, and even though some incompetent evidence may have been admitted. *Cogdill v. Highway Comm.* and *Westfeldt v. Highway Comm.*, 279 N.C. 313, 182 S.E. 2d 373; 1 Strong, N. C. Index 2d, Appeal and Error, § 57, pp. 223-241, and cases cited.

It is clear in the instant case that the evidence of plaintiff although sharply disputed by the defendant was sufficient to support the findings of fact of the court. The witness, Perry C. Henson, testified at length about the negotiations for settlement, the agreement for distribution of the proceeds of the settlement, and the understanding of the parties concerning expenses. His version of the facts was accepted by the trial court.

We have examined carefully all assignments of error brought forward by defendant and find them to be without merit.

Affirmed.

Judges BRITT and HEDRICK concur.