THE TRAVELERS INSURANCE COMPANY v. PAUL FRANKLIN CURRY; NELLIE B. McRAE, ADMINISTRATRIX OF THE ESTATE OF HARVEY DAVIS, DECEASED; LEO HAILEY AND JAMES ELBERT ALSTON

No. 7518SC675

(Filed 7 January 1976)

1. **Declaratory Judgment Act § 1— inapplicability to workmen's compensation claims — applicability to construction of insurance contracts**

    Although the Declaratory Judgment Act, G.S. 1-253 et seq., is not applicable to claims under the Workmen's Compensation Act, it is applicable to construction of insurance contracts and in determining the extent of coverage.

2. **Master and Servant § 62— workmen's compensation — injury on way to or from work**

    Generally, injuries sustained in accidents occurring while an employee is going or coming from work are not covered by the Workmen's Compensation Act; however, where the employer provides transportation for his employees pursuant to the contract of employment, then he may be subject to liability for purposes of workmen's compensation.

3. **Insurance § 91; Master and Servant § 62— transportation provided employees — gratuity — no workmen's compensation coverage**

    Evidence was sufficient to support the trial court's findings of fact and conclusions of law that the automobile accident in question was not within the scope and course of two of defendant's employees' employment and thus not excluded from coverage by a policy of insurance issued to defendant where such evidence tended to show that transportation furnished the employees by defendant to and from their place of work at defendant's saw milling business was gratuitous and was not given them pursuant to an express or implied term of a contract of employment.

APPEAL by plaintiff from *Kivett, Judge.* Judgment entered 19 May 1975 in Superior Court, GUILFORD County. Heard in the Court of Appeals 19 November 1975.

Plaintiff brought this action under the Declaratory Judgment Act G.S. 1-253 et seq. and G.S. 1A-1, Rule 57, seeking to determine its obligations under a policy of automobile liability insurance issued to defendant Curry. It alleged, and offered evidence at the non-jury trial which tended to show, in pertinent part, the following:

Prior to the summer of 1972, Curry operated a saw milling and logging business near Greensboro. In June 1972, he moved the operation from Greensboro to Lexington. Defendants Alston and Hailey, and the decedent Davis, were all employed by Curry as common laborers. When operations were moved to Lexington, the three desired to continue working for Curry, whereupon Curry let Davis use a 1967 International Harvester Travelall to transport Davis, Alston and Hailey to and from work. This was a part of Davis' job for which he was compensated. At approximately 7:00 a.m. on 1 May 1973, while Davis was driving on Highway 64 from Greensboro to Lexington, with Alston and Hailey as passengers, he collided with a truck owned by VonCannon Trucking Company. Davis was killed and Alston and Hailey sustained severe personal injuries. They instituted actions for damages against Curry and the estate of Davis which actions are now pending. At the time of the accident plaintiff had in force a policy of liability insurance covering the Travelall.

Curry was called as a witness by defendants Hailey and Alston and testified contrary to his earlier statements in answer to plaintiff's interrogatories. He stated that neither Alston, Davis nor Hailey was paid for any of their time on the road. The day for which they were paid began when they arrived and went to work and ceased when they went home in the evening. Curry let Davis have the Travelall as a mere gratuity and did not provide him with transportation as a part of his job. He had previously stated that Davis was not his special or general agent and that he was under no duty to provide transportation for any of the employees party to this action.

In the final pretrial order the parties stipulated that plaintiff's policy of insurance provided in pertinent part:

"This policy does not apply: . . . (d) under coverage A, to bodily injury to or sickness, disease or death of any employee of the insured arising out of and in the course of (1) domestic employment by the insured, if benefits

therefor are in whole or in part either payable or required to be provided under any workmen's compensation law, or (2) other employment by the insured; (3) under coverage A, to any obligation for which the insured or any carrier as his insurer may be held liable under any workmen's compensation, unemployment compensation, or disability benefits law, or under any similar law. . . ."

It was further stipulated that although defendant Curry employed in excess of ten employees, he had failed to secure workmen's compensation insurance or to qualify as a self-insurer, and that neither Curry nor his employees had filed or given notice of nonacceptance of the provisions of the Workmen's Compensation Act.

The trial judge made detailed findings of fact which included the following (summarized) : On 1 May 1973, and prior thereto, Hailey and Alston were not performing any duty or labor for Curry, their employer, while traveling to and from work in the vehicle furnished by Curry; the actual beginning of their daily employment with Curry occurred when they arrived at the place of their employment in Lexington and terminated when they departed said place of employment; they were not, pursuant to an express or implied term of a contract of employment, entitled to the transportation furnished by Curry, nor were they required by Curry to use such transportation in traveling to and from work; the transportation to and from work furnished them by Curry was gratuitous and merely an accommodation; and, on said date, they were not within the course and scope of their employment by Curry while traveling to their work in Lexington in the vehicle furnished by Curry.

The court concluded that plaintiff's policy of insurance was applicable to the accident in question and that plaintiff is obligated to defend defendants Curry and Davis' administratrix in the trial of the pending actions. Plaintiff appealed.

*Deal, Hutchins and Minor, by William K. Davis, for plaintiff appellant.*

*O'Connor and Speckhard, by Donald S. Speckhard, for Leo Hailey and James Elbert Alston, defendant appellees.*

*Booth, Fish, Simpson and Harrison, by H. Marshall Simpson, for Nellie B. McRae, Administratrix of the Estate of Harvey Davis, defendant appellee.*

BRITT, Judge.

Plaintiff assigns as error the trial judge's findings of fact and conclusions of law that the accident was not within the scope and course of Hailey's and Alston's employment and thus not excluded from coverage by its policy of insurance. Plaintiff contends that the judgment is contrary to law and against the greater weight of the evidence. We find no merit in these contentions.

[1] The Declaratory Judgment Act, G.S. 1-253 et seq., may be utilized to alleviate uncertainty and clarify litigation. Although it is not applicable to claims under the Workmen's Compensation Act, it is applicable to construction of insurance contracts and in determining the extent of coverage. *Cox v. Transportation Co.,* 259 N.C. 38, 129 S.E. 2d 589 (1963) ; *Iowa Mutual Ins. Co. v. Simmons Inc.,* 258 N.C. 69, 128 S.E. 2d 19 (1962). If the claims for personal injuries asserted by defendants Alston and Hailey fall within the scope of the Workmen's Compensation Act they would be subject to the exclusion provision of plaintiff's policy of insurance.

[2] Whether an injury by accident is compensable under the Workmen's Compensation Act is a mixed question of law and fact. *Lee v. Henderson & Associates,* 17 N.C. App. 475, 195 S.E. 2d 48 (1973), *aff'd,* 284 N.C. 126, 200 S.E. 2d 32 (1973) ; *Bryan v. Church,* 267 N.C. 111, 147 S.E. 2d 633 (1966). Under G.S. 97-2(6) this is dependant upon whether the accident arose out of and in the course of the employment. Generally, injuries sustained in accidents occurring while an employee is going to or coming from work are not covered by the Act. *Hardy v. Small,* 246 N.C. 581, 99 S.E. 2d 862 (1957). However, where the employer provides transportation for his employees pursuant to the contract of employment, then he may be subject to liability for purposes of workmen's compensation. *Archie v. Lumber Co.,* 222 N.C. 477, 23 S.E. 2d 834 (1943).

The salient factor is whether provision for transportation is a real incident to the contract of employment. *Lassiter v. Telephone Co.,* 215 N.C. 227, 1 S.E. 2d 542 (1939). This precept is manifested as something more than mere permission; it approaches employee transportation as a matter of right. In *Jackson v. Bobbitt,* 253 N.C. 670, 676, 117 S.E. 2d 806, 810 (1961), we find:

" 'The rule has been established in accordance with sound reason that the employer's liability in such cases depends

upon whether the conveyance has been provided by him, after the real beginning of the employment, in compliance with one of the implied or express terms of the contract of employment, for the mere use of the employees, and is one which the employees are required, or as a matter of right are permitted, to use by virtue of the contract. Pursuant to this rule, the employee is in the course of employment if he has a right to the transportation, but not if it is gratuitous, or a mere accommodation. . . . ' " (Quoting from *Lassiter v. Telephone Co.*, 215 N.C. 227, 229, 1 S.E. 2d 542, 543 [1939] and authorities therein cited.)

**[3]**  We think the foregoing is a correct statement of the law governing this appeal. Thus, as found by the trial judge, Curry would not expose himself to liability for workmen's compensation purposes by gratuitously furnishing transportation for his employees.

The record contains substantial competent evidence which fully supports the trial judge's findings of fact and conclusions of law. While we note that the record also contains evidence permitting an opposite result, where the facts found by the trial judge, sitting without a jury, are supported by substantial competent evidence they are conclusive on review by an appellate court. *Transit, Inc. v. Casualty Co.*, 285 N.C. 541, 206 S.E. 2d 155 (1974); *Insurance Co. v. Clark*, 23 N.C. App. 304, 208 S.E. 2d 861 (1974). Conflicts between Curry's answers to plaintiff's interrogatories and his testimony at trial go not to his competency but to the credibility and weight of his testimony. *Blackwell v. Butts*, 278 N.C. 615, 180 S.E. 2d 835 (1971); *Fletcher v. Fletcher*, 23 N.C. App. 207, 208 S.E. 2d 524 (1974).

For the reasons stated, the judgment is

Affirmed.

Chief Judge BROCK and Judge MORRIS concur.