FARMERS BANK, PILOT MOUNTAIN, NORTH CAROLINA v. MICHAEL T. BROWN DISTRIBUTORS, INC. (FORMERLY NED PELL DISTRIBUTORS, INC.); BRENDA M. BROWN, EXECUTRIX OF THE ESTATE OF MICHAEL BROWN; BRENDA M. BROWN; VIDA M. McCANLESS; PHILLIP H. PELL; AND O. M. NEEDHAM, JR.

No. 8117SC971

(Filed 18 May 1982)

1. **Guaranty § 2; Trial § 58— guaranty agreement—finding of no condition precedent supported by evidence**

   In an action in which plaintiff bank sought to enforce a loan guaranty agreement, the evidence was sufficient to support the trial court's findings and conclusion that attaining valid signatures under the agreement was not a condition precedent to defendant's liability under the guaranty agreement. As the court sat without a jury and as there was evidence to support the findings, the appellate court was bound by them.

2. **Contracts § 2; Guaranty § 2— guaranty agreement—meeting of minds—no ambiguity in contract**

   Where the court found a guaranty agreement was a guaranty of payment; that there were no oral conditions precedent to the agreement; and that the written guaranty set forth the agreement in clear and unambiguous language, defendant could not avoid the agreement on the ground that there was no meeting of the minds since the agreement controls and not what either party thought the agreement to be.

APPEAL by defendants Pell and Needham from *Long, Judge.* Judgment entered 12 February 1981 in Superior Court, SURRY County. Heard in the Court of Appeals 29 April 1981.

Plaintiff Farmers Bank filed this action against a corporation, the representatives of the estate of its deceased president (Michael T. Brown), his wife (Brenda M. Brown) and mother-in-law (Vida M. McCanless) upon an obligation contained in a promissory note executed by the corporation and each of the individuals as co-makers and against the defendants Pell and Needham upon a loan guaranty agreement. Each party answered denying liability.

The wife and mother-in-law were granted summary judgment because their signatures were determined to be forgeries on the notes in dispute. Default judgment was entered against the insolvent corporation and the estate of its deceased president.

The Bank's claim under the loan guaranty agreement was tried before the court, jury trial being waived by stipulation. The Bank alleged that the defendants Pell and Needham executed a loan guaranty agreement with the intent to induce the Bank to loan the other defendants up to the sum of $75,000.00. Pell and Needham asserted in defense that the guaranty agreement was given to the Bank only on the express condition that any money loaned would be loaned to all the other defendants jointly and that a condition precedent to their liability under the guaranty agreement was that the Bank obtain the signatures of each of the individual co-makers, but that the Bank failed to do so because the signatures of Brown and McCanless were forgeries.

The loan guaranty agreement was signed by Pell and Needham on 14 February 1977 and the promissory note was dated 15 February 1977. Mr. R. W. Smith, the vice-president of the Bank, testified that the promissory note represented a renewal extension of three notes that were combined together and which had been extended to the corporation over a period of years. These prior notes had been signed by Pell and Needham as officers of the corporation. A few days before the prior notes were due, Pell and Needham came to Smith's office, said they were selling their interest in the corporation and asked if the Bank would continue to carry this line of credit. Smith testified:

> They made three provisions, and those three provisions were that there would be a corporate note executed. They said that Michael Brown, Brenda Brown and Vida McCanless were willing to sign this note, and that they would issue a loan guaranty agreement if the bank would continue to carry this line of credit. My immediate response was that we would continue to carry this line of credit.

Smith further stated:

> Mr. Needham was the first person to mention the guaranty agreement.

> Q. He suggested that to you first?

> A. Those three conditions as we prior talked about. All three of those conditions were what Mr. Needham outlined to me.

Judgment was entered in favor of the Bank and against Pell and Needham for the unpaid principal of $60,000.00, interest to date of judgment of $16,200.00, and attorneys fees in the amount of $7,631.25. From this judgment, defendants appealed.

*Otis M. Oliver and Finger, Park and Parker by Raymond A. Parker, II, for the plaintiff-appellee.*

*Badgett, Calaway, Phillips, Davis, Stephens, Peed & Brown by Herman L. Stephens, for the defendant-appellants.*

MARTIN (Robert M.), Judge.

[1] The defendants first contend that the trial court erred in ruling that the contract between defendants Pell and Needham and plaintiff Bank did not include a condition precedent to the guaranty that the plaintiff must first obtain the valid signatures of all the other named defendants before the guaranty would be effective. We agree with plaintiff.

The trial court found as fact the following:

> (2) Shortly before February 15, 1977, the defendants, Phillip H. Pell and O. M. Needham, Jr., informed R. W. Smith, Vice-President of Farmers Bank, that they wished to sell their stock in the corporation to Michael T. Brown, and inquired whether the bank would continue to extend its previous line of credit to the corporation under the new stockholder, if the new stockholder, Michael T. Brown, his wife, Brenda M. Brown, and his mother-in-law, Vida M. Mc-Canless, signed the corporate notes as makers, and if the defendants, Phillip H. Pell and O. M. Needham, Jr., signed a guaranty of payment of such indebtedness. R. W. Smith informed the defendants, Phillip H. Pell and O. M. Needham,

Jr., that the bank would continue to extend credit under such arrangement.

(3) On or about February 15, 1977, the bank prepared a new note in the amount of Seventy-Five Thousand Dollars ($75,000.00) to consolidate old notes signed by corporate officers. The new note was signed by officers of the corporation and by Michael T. Brown (Individually) in the presence of R. W. Smith. Michael T. Brown then took the note from the bank to have it signed by Brenda M. Brown and Vida M. McCanless. Michael T. Brown later returned the note to the bank bearing the purported signatures of Brenda M. Brown and Vida M. McCanless.

(4) As a part of this same transaction, the defendants, Phillip H. Pell and O. M. Needham, Jr., signed a loan guaranty agreement on February 14, 1977, jointly and severally guaranteeing full and prompt payment of any indebtedness of Ned-Pell Distributors, Inc., to Farmers Bank, to the extent of Seventy-Five Thousand Dollars ($75,000.00), plus interest, and all costs, expenses and reasonable attorney's fees incurred in endeavoring to collect said indebtedness or in enforcing the guaranty agreement.

The court further concluded as a matter of law "[t]hat valid signatures of Brenda M. Brown and Vida M. McCanless as co-makers or endorsers of the note were not a condition preceding which was communicated to the plaintiff so as to make the plaintiff responsible for obtaining these signatures and insuring their validity." The defendants except to this conclusion of law.

It is well settled in North Carolina that when the parties waive a trial by jury the duty falls upon the trial court to find the facts and the law in the case. The resolution of conflicting evidence is a matter for the court, and when the evidence is sufficient to support the findings and when error of law does not appear upon the face of the record proper, the court's findings of fact have the force and effect of a verdict by a jury and are conclusive on appeal. *See Distributing Corp. v. Schofield*, 44 N.C. App. 520, 261 S.E. 2d 688 (1980); *Fletcher v. Fletcher*, 23 N.C. App. 207, 208 S.E. 2d 524 (1974). The appellate court is bound by these findings where there is some testimony to support them, even if there is evidence to the contrary that would support a dif-

ferent finding. *Williams v. Insurance Co.*, 288 N.C. 338, 218 S.E. 2d 368 (1975). In this case there was evidence consisting of Mr. R. W. Smith's testimony to support the court's finding that defendants told Smith that they would sign a guaranty in addition to the other signatures on the corporate note. This in turn supported the trial court's conclusion of law that the valid signatures of Brown and McCanless on the note were not a condition precedent to defendants' liability. Thus defendants' assignments of error are without merit and are overruled.

[2]   The defendants next argue that if there was no condition precedent then there was no meeting of the minds and thus, no contract of guaranty between plaintiff and defendants Pell and Needham. To constitute a valid contract, the parties must assent to the same thing in the same sense. The agreement, however, controls and not what either party thought the agreement to be. A party to a contract cannot avoid it on the ground that he made a mistake where there has been no misrepresentation, there is no ambiguity in the terms of the contract, and the other contractor has no notice of such mistake and acts in good faith. 3 Strong's N.C. Index 3d Contracts § 2 (1976).

In the present case, the court found that the guaranty agreement executed by defendants Pell and Needham was a guaranty of payment. The court also concluded that there were no oral conditions precedent to the guaranty agreement. The written guaranty sets forth the agreement in clear and unambiguous language and the defendants are bound by those terms. Thus this assignment of error is without merit and is overruled.

We have carefully considered the defendants' remaining assignment of error that the trial court's judgment is not supported by the evidence. This assignment of error is without merit and is overruled.

The judgment of the trial court is

Affirmed.

Judges VAUGHN and ARNOLD concur.