ARTHUR E. PUETT, CLARENCE L. McCALL AND ROY H. MORRISON v. THE BAHNSON COMPANY AND MARYLAND CASUALTY COMPANY.

(Filed 12 April, 1950.)

**Master and Servant § 40d—**

> Injuries sustained in an automobile accident by employees while on their way to or from their work in an automobile owned by one of them arises out of and in the course of their employment when, under the terms of the employment and as an incident to the contract of employment, allowances are made by the employer to cover the cost of such transportation.

BARNHILL and ERVIN, JJ., took no part in the consideration or decision of this case.

APPEAL by defendants from *Rudisill, J.,* September-October Term, 1949, of BURKE.

Proceeding under Workmen's Compensation Act to determine liability of defendants to three injured employees, Arthur E. Puett, Clarence L. McCall and Roy H. Morrison.

In addition to the jurisdictional determinations, the essential findings of the Industrial Commission follow:

The plaintiffs, who live in Morganton, were employed by the defendant to install an air-conditioning system in a cotton mill at Rhodhiss, a distance of some 15 or 20 miles from their homes. They commuted back and forth each day, first with one of the employees "furnishing transportation and then the other; that on the day in question (24 April, 1947) the claimants were riding with Clarence McCall and about 6:30 or 7:00 o'clock in the morning while they were on their way from Morganton to Rhodhiss and at a point about five or six miles north of Morganton, they were involved in an automobile accident, including their jeep and two other motor vehicles," which resulted in injury to all three claimants.

As it was not convenient for the claimants to procure living quarters in Rhodhiss, each was paid $20.80 a week in addition to his regular salary, to cover his living expenses and the expense of traveling to and from the place of employment.

"This Commission has uniformly held that injuries received while going to and from work are not generally compensable, but we have held with equal consistency that where transportation is furnished in going to and from work, that the injury sustained during said time is compensable, and we think that this is true whether the actual vehicle is furnished by the employer or whether the employer furnishes the money to pay for said transportation and leaves it to the employee to provide his own mode of transportation."

The Commission, therefore, awarded compensation to each of the claimants, and this was affirmed on appeal to the Superior Court. From this latter ruling, the defendants appeal, assigning errors.

*O. Lee Horton for plaintiffs, appellees.*
*Proctor & Dameron for defendants, appellants.*

STACY, C. J. The question for decision is whether an injury sustained in an automobile accident by employees while on their way to or from their work arises out of and in the course of the employment, when, under the terms of the employment, allowances are made by the employer to cover the cost of such transportation. No exact prototype of this question is to be found in any of our previous decisions. It seems to be one of first impression. *Rewis v. Ins. Co.,* 226 N.C. 325, 38 S.E. 2d 97.

The claimants cite *Smith v. Gastonia,* 216 N.C. 517, 5 S.E. 2d 540, as tending to support their position. The defendants say the case of *Hunt v. State,* 201 N.C. 707, 161 S.E. 203, is more nearly in point. In the *Smith Case* the employer furnished the means of transportation, the car itself, and the claimant was on duty at the time of the injury. In the

*Hunt Case* the claimant furnished his own means of transportation, albeit his pay started from the time he left home. Even so, the claimant had not reached the place where he could do any work for the employer when the injury occurred. See *Mion v. Marble & Tile Co.*, 217 N.C. 743, 9 S.E. 2d 501; *Hildebrand v. Furniture Co.*, 212 N.C. 100, 193 S.E. 294; *Dependents of Phifer v. Dairy*, 200 N.C. 65, 156 S.E. 147.

The authorities elsewhere are inharmonious, 58 Am. Jur. 726, with the majority favoring compensation. The Industrial Commission has consistently followed the majority view, and we are inclined to approve, where, as here, the cost of transporting the employees to and from their work is made an incident to the contract of employment. *Archie v. Lumber Co.*, 222 N.C. 477, 23 S.E. 2d 834; *Voehl v. Indemnity Ins. Co.*, 288 U.S. 162, 77 L. Ed. 676, 87 A.L.R. 245, and Annotation, 250. See, also, *Geltman v. Reliable Linen & Supply Co.*, 128 N.J.L. 443, 139 A.L.R. 1465.

Affirmed.

BARNHILL and ERVIN, JJ., took no part in the consideration or decision of this case.