RICHARD PEARSON, Employee, Plaintiff v. C. P. BUCKNER STEEL ERECTION, Employer, LIBERTY MUTUAL INSURANCE COMPANY, Carrier, Defendants, HEALTH CARE CENTER, INC., d/b/a CARY MANOR NURSING HOME, Intervenor

No. COA99-1082

(Filed 1 August 2000)

**1. Workers' Compensation— attorney fees—law of the case**

A Supreme Court reinstatement of an order in a workers' compensation case did not become the law of the case on intervenor's entitlement to attorney fees where the Supreme Court's ruling did not address the additional attorney fee requested here or the fee awarded in the order.

**2. Workers' Compensation— attorney fees—appeal of order— not a collateral attack on earlier order**

An appeal of an order by an Industrial Commissioner awarding attorney fees was not an improper collateral attack on an order of the Full Commission which had earlier awarded attorney fees. Although intervenor suggested that the second order awarding attorney fees was simply a supplemental order expounding on a Supreme Court ruling and taxing attorney fees for the entire appellate process, the Supreme Court ruling reinstating the earlier order did not address attorney fees and, although intervenor was granted attorney fees in the order appealed from, intervenor was incorrect to assume that the Supreme Court intended to change long-held statutory law. Moreover, intervenor did not move for the attorney fees in question until after the Supreme Court's ruling and the order award was a new and separate order properly appealed to the Commission.

**3. Workers' Compensation— Industrial Commission panel— two signatures on opinion**

Although intervenor argued that two Commissioners cannot constitute a panel of the Industrial Commission for the decision of a workers' compensation action, the opinion here clearly stated that there was a third commissioner on the panel even though the third signature was lacking due to illness.

**4. Workers' Compensation— attorney fees—care provider— Medicaid accepted—provider's fees not a benefit to employee**

The Industrial Commission correctly concluded that intervenor was not entitled to attorney fees in a workers' compensation action where intervenor was a nursing home which had accepted payment from Medicaid. In so doing, intervenor gave up its right to hold the injured employee liable for any costs associated with the care aside from the standard deductible, coinsurance or copayments, and the plain language of N.C.G.S. § 97-88 only authorizes payments to the injured employee for his costs. Intervenor cannot now argue that payment of its attorney fees is either payment of the injured employee's costs or is of some benefit to the injured employee.

Appeal by intervenor from an opinion and award entered 3 June 1999 by the North Carolina Industrial Commission. Heard in the Court of Appeals 16 May 2000.

*The Jernigan Law Firm, by N. Victor Farah and Leonard T. Jernigan, Jr., for plaintiff-appellee.*

*Hedrick, Eatman, Gardner & Kincheloe, L.L.P., by Jeffrey A. Doyle, for defendant-appellees.*

*Lore & McClearen, by R. James Lore, for intervenor-appellant.*

HUNTER, Judge.

The present appeal is the result of an opinion and award of the North Carolina Industrial Commission ("Commission") entered on 3 June 1999 due to a remand from our Supreme Court in *Pearson v. C. P. Buckner Steel Erection Co.*, 348 N.C. 239, 498 S.E.2d 818 (1998), which contains a full review of the facts and procedural history of this case—most of which is unnecessary to resolve this appeal. In the present appeal, the intervenor Cary Health Care Center, Inc., doing business as Cary Manor Nursing Home ("intervenor"), appeals the two-member panel of the Commission's reversal of an award of attorneys' fees to intervenor. Intervenor contends that the two commissioners who entered the opinion and award of 3 June 1999 did not have jurisdiction to do so (the third member being absent due to illness), and; assuming *arguendo* they did, intervenor contends the panel misapplied N.C. Gen. Stat. § 97-88. We disagree and affirm the Commission's opinion and award.

Briefly, the facts relevant to the present appeal reveal that defendant-employer C.P. Buckner Steel Erection and defendant-insurer Liberty Mutual Insurance Company (collectively "defendants"), appealed the prior award of the Commission (dated 19 December 1995) which ordered defendants to pay intervenor the difference between the amount paid intervenor by Medicaid and the amount allowable under the Commission's fee schedule, and which also ordered defendants to pay intervenor $500.00 in attorneys' fees. In *Pearson v. C. P. Buckner Steel Erection Co.*, 126 N.C. App. 745, 486 S.E.2d 723 (1997) ("1997 appeal"), this Court held that:

> *Attorneys' fees may be awarded* by the Commission *when the hearing or proceeding is brought by the insurer* and the insurer is ordered to pay or continue to pay benefits. N.C. Gen. Stat. § 97-88 (1991). *In the present case*, the opinion and award ordering defendants to pay the expenses in excess of those paid by Medicaid was not the result of an appeal by the insurer. *It was the direct result of a motion made by plaintiff.* Therefore, an award of attorneys' fees to the plaintiff was improper.

*Id.* at 752, 486 S.E.2d at 728 (emphasis added). The Supreme Court reversed and remanded *on appeal by intervenor* in *Pearson v. C. P. Buckner Steel Erection Co.*, 348 N.C. 239, 498 S.E.2d 818 ("1998 appeal"), stating,

> we hold that the Commission's 19 December 1995 order directing defendants to pay intervenor and plaintiff's other health-care providers the difference between the amount reimbursed to Medicaid and the amount allowable under the Act was a proper exercise of its authority. We further hold that the Commission correctly applied the workers' compensation law of this State and that such law is not preempted by federal Medicaid law. We therefore reverse the Court of Appeals' holding that the Commission's 19 December 1995 order was in error. . . .

*Pearson*, 348 N.C. at 246-47, 498 S.E.2d at 823. However, the Supreme Court did *not* rule on the issue of attorneys' fees.

On 19 June 1998, intervenor petitioned for supplemental attorneys' fees pursuant to N.C. Gen. Stat. § 97-88 for the additional time necessary to defend against defendants' 1997 appeal to this Court, and intervenor's 1998 appeal to the Supreme Court which resulted in reinstatement of the Commission's order of 19 December 1995. On 7 August 1998, Commissioner Bolch entered an order for the Full Commission requiring defendants to pay plaintiff the sum of $10,000.00 as attorneys fees *for the time intervenor's counsel spent in defending against defendants' appeals*. Defendants sent a letter to Commissioner Mavretic, asking for a stay from the order dated 7 August 1998, and requesting a hearing *de novo*. An order staying the 7 August 1998 order was entered by Industrial Commission Chairman Howard Bunn on 31 August 1998, "pending final resolution of Defendants' appeal." On 26 October 1998, intervenor filed a motion to dismiss, alleging that defendants failed to timely appeal the 7 August 1998 order to the North Carolina Court of Appeals as required by N.C. Gen. Stat. § 97-86. Intervenor asserted that the Commission could not proceed to review said order by collateral attack through a separate Full Commission panel. On 3 June 1999, two Full Commissioners filed the order denying intervenor's motion to dismiss, reversing the 7 August 1998 order and its granting of $10,000.00 in attorneys' fees to intervenor, and denying intervenor's motion for additional attorneys' fees under N.C. Gen. Stat. § 97-88.1.

Although on 10 June 1999 intervenor filed its notice of appeal from the order of 3 June 1999; we note that on 14 June 1999, unaware

that intervenor had filed notice of appeal, the Full Commission filed an amended opinion and award which clarified the Commission's position as to *why* it ruled as it did. (However, the amended opinion *in no way* altered any of the Commission's findings or conclusions of the original 3 June 1999 order.) Defendant requested that the Commission's amended order and award be included in the record on appeal. However, in her order settling the record on appeal, Commissioner Renee Riggsbee stated that:

> When the Order was filed, the Full Commission panel was not aware that Intervenor had filed notice of appeal two days earlier. Nevertheless, plaintiff's notice of appeal was filed before the Commission's Order, thereby divesting the Commission of jurisdiction. Although the Order does not change the effect of the original Opinion and Award, it is [my] opinion . . . that the Order further explains and clarifies the Commission's position and, therefore, does not merely correct a clerical mistake, oversight, or omission within the meaning of Rule 60(a) of the Rules of Civil Procedure. Accordingly, the Order amending Opinion and Award for the Full Commission filed 14 June 1999 shall not be included in the record on appeal. Defendants may petition the Court of Appeals for an order allowing the inclusion of the Commission's Order.

In response, defendants petitioned this Court for a Writ of Certiorari on 15 October 1999 pursuant to N.C.R. App. P. 21, requesting that the Commission's amended opinion and award be included as part of the record on appeal. This Court granted the writ and allowed the record to be so amended. Thus, we now consider intervenor's appeal to be from both of the Commission's orders and awards filed 3 June and 14 June 1999, and any objections made by intervenor to the 3 June 1999 order, we deem made to the 14 June 1999 order also.

Intervenor argues that the two commissioners who signed and entered the opinion and award of 3 June 1999 lacked jurisdiction to do so (1) because the Supreme Court's ruling in the 1998 appeal was *res judicata* with regard to attorneys' fees; (2) because defendants cannot collaterally attack a Full Commission decision; and (3) because three Commissioners are necessary to make up a panel.

[1] Intervenor first contends that once the Supreme Court ordered reinstatement of the 19 December 1995 order which awarded $500.00 in attorneys' fees to intervenor, intervenor's entitlement to attorneys' fees became the law of the case. We disagree. It is true that reinstate-

ment of the 19 December 1995 order reinstated the $500.00 attorneys' fee awarded *as of that date*. However, the Supreme Court's ruling *does not address* the $10,000.00 attorneys' fee requested by intervenor in the present appeal. In fact, the Supreme Court's ruling did not even address the attorneys' fees awarded in the 19 December 1995 order. (*See Pearson*, 348 N.C. 239, 498 S.E.2d 818.) Additionally, we note that intervenor has failed to properly preserve this argument in an assignment of error. Accordingly, we will not consider it. N.C.R. App. P. 10.

**[2]** Secondly, intervenor argues that the two Commissioners who signed the 3 June 1999 opinion and award lacked jurisdiction to overturn Commissioner Bolch's 7 August 1998 "Order for Attorneys Fees Pursuant to G.S. 97-88." It is intervenor's contention that by appealing Commissioner Bolch's award of attorneys' fees to intervenor, defendants improperly collaterally attacked one Full Commission panel's order and requested review by another Full Commission panel. However, we note that intervenor continually suggests that Commissioner Bolch's order was simply a "supplemental order" in that it somehow expounded on the Supreme Court's ruling and taxed defendants with intervenor's attorneys' fees for the entire appellate process. We disagree.

As stated above, the Supreme Court's ruling reinstating the Commission's 19 December 1995 order did NOT address attorneys' fees at all. It neither addressed whether the fees were properly granted nor whether intervenor was, in fact, entitled to fees. Instead, the Court's focus was strictly on the merits of intervenor's argument that defendants should be required to pay the difference between what Medicaid had already paid intervenor and the amount intervenor would be entitled to under the Industrial Commission's payment guidelines. *Pearson*, 348 N.C. 239, 246, 498 S.E.2d 818, 822-23. Thus, although intervenor was granted attorneys' fees in the order, intervenor is incorrect to assume—and we refuse to assume—that our Supreme Court intended to change the long-held statutory law which requires that any grant of attorneys' fees must benefit the injured employee. N.C. Gen. Stat. § 97-88.

We further note that intervenor did not even move the Commission for the attorneys' fees in question at present until *after* the Supreme Court's ruling. Thus, Commissioner Bolch's award of attorneys' fees, although clearly based on the fact that the Commission's order "filed December 19, 1995 . . . was ultimately affirmed by the Supreme Court of North Carolina," was not, as inter-

venor contends, a "supplemental order for the Full Commission," but in fact was a new and separate order. Thus, defendants properly appealed to the Full Commission for a hearing on the matter pursuant to N.C. Gen. Stat. § 97-88.

[3] Thirdly, regarding intervenor's argument that two Commissioners cannot constitute a panel, we note that although only two Commissioners *signed* the opinion and award of 3 June 1999, the opinion clearly states that there was a third Commissioner on the panel. Explaining the reason why a third signature is not on the filed document, Commissioner Dianne C. Sellers wrote: "Commissioner Christopher Scott, *who was a member of the Full Commission panel which reviewed this case*, was unavailable at the time of the filing of this Opinion and Award because of illness." Therefore, we overrule intervenor's argument.

[4] In the alternative, intervenor next contends that even if the two member panel had jurisdiction, its opinion and award of 3 June 1999 misapplied the applicable statute and thus, the Commission concluded in error that intervenor was not entitled to attorneys' fees. Again, we disagree.

N.C. Gen. Stat. § 97-88 provides:

If the Industrial Commission at a hearing on review or any court before which any proceedings are brought on appeal under this Article, shall find that such hearing or proceedings were *brought by the insurer* and the Commission or court by its decision orders the insurer to make, or to continue payments of benefits, including *compensation for medical expenses, to the injured employee*, the Commission or court *may further order that the cost to the injured employee of such hearing or proceedings including therein reasonable attorney's fee* to be determined by the Commission shall be paid by the insurer as a part of the bill of costs.

N.C. Gen. Stat. § 97-88 (1999) (emphasis added). We note that the plain language of this statute only authorizes payments to the *injured employee* for *his* costs. Case law well establishes that where the statutory language is "clear and without ambiguity, 'there is no room for judicial construction,' and the statute must be given effect in accordance with its plain and definite meaning." *Avco Financial Services v. Isbell*, 67 N.C. App. 341, 343, 312 S.E.2d 707, 708 (1984) (quoting *Williams v. Williams*, 299 N.C. 174, 180, 261 S.E.2d 849, 854 (1980)).

PEARSON v. C.P. BUCKNER STEEL ERECTION

[139 N.C. App. 394 (2000)]

In its opinion and award filed 3 June 1999, Commissioner Sellers, writing for the panel, found in pertinent part that:

> 5. Upon remand [from the Supreme Court] to the Industrial Commission, plaintiff and [intervenor] *separately petitioned for attorney's fees* taxed to defendants pursuant to N.C. Gen. Stat. § 97-88 . . . . On 7 August 1999, Commissioner Bolch . . . filed an Order granting fees to counsel for [intervenor] in the amount of $10,000.00 . . . . *The motion filed by plaintiff [for attorneys' fees] appears to be still pending* before Commissioner Bolch.

(Emphasis added.) Thus, because the plain language of N.C. Gen. Stat. § 97-88 is clear and unambiguous on its face, and because the evidence clearly supported a finding that plaintiff's and intervenor's attorneys' fees were separate and apart, the Commission specifically concluded as law that:

> 2. N.C. Gen. Stat. § 97-88 endows the Industrial Commission with the authority to order an insurer to pay an injured employee reasonable attorney's fees. *It does not empower the Commission to award attorney's fees to a medical provider or to an intervenor in any manner or for any reason. Further, the statute expressly limits its purpose to reimbursing "the cost [of appellate review] to the injured employee." As there is no evidence that the award of attorney's fees to the intervenor in this case was made to satisfy "costs to the injured employee," the award contained in the 7 August 1998 Order . . . is not proper under the Act.*

> 3. . . . . Given the absence of statutory authority under N.C. Gen. Stat. § 97-88 for awarding fees to any party other than the "injured employee," defendants' application for review was reasonable; therefore, there is no basis upon which to award the intervenor with attorney's fees for the defense of the resulting review.

(Emphasis added.)

In reviewing the record before us, we agree with Commissioner Sellers that it is devoid of any evidence indicating that the plaintiff in the present case incurred attorneys' fees as a result of intervenor's involvement in the case at bar. In fact, once intervenor accepted Medicaid as payment for the injured employee's medical care under Medicaid, Title XIX of the Social Security Act, 42 U.S.C. §§ 1396-1396v (1994) and in conjunction with North Carolina's Medicaid program as

**PISGAH OIL CO. v. WESTERN N.C. REG'L AIR POLLUTION CONTROL AGENCY**

[139 N.C. App. 402 (2000)]

set out in N.C. Gen. Stat. §§ 108A-54 thru 108A-70.5 (1997), intervenor gave up its right to hold the injured employee liable for any costs associated with that care aside from the standard deductible, coinsurance or copayment required. "A State plan must provide that the Medicaid agency must limit participation in the Medicaid program to providers who accept, *as payment in full,* the amounts paid by the agency plus any deductible, coinsurance or copayment required by the plan to be paid by the individual. . . ." 42 C.F.R. 447.15 (1996) (emphasis added). Thus by accepting payment from Medicaid, intervenor effectively released the injured employee from any associated costs. Because intervenor could not hold the injured employee liable for its attorneys' fees, we hold that intervenor cannot now argue that payment of its attorneys' fees is either payment of the injured employee's costs or is of some benefit to the injured employee. Accordingly, we affirm the Commission's 3 July 1999 opinion and award as amended by its 14 June 1999 order reversing the previous 7 August 1998 award of attorneys' fees to intervenor.

Affirmed.

Judges GREENE and HORTON concur.