MITCHELL TEW, Employee, Plaintiff v. E.B. DAVIS ELECTRIC COMPANY, Employer v. SELF/COMPTRUST AGC, BRENTWOOD SERVICES, Administrator, Defendants, and/or BRADFORD S. HANCOX, Administrator of the Estate of JUNIUS L. BURNEY, Deceased, Employer, NON-INSURED, Defendant

No. COA00-438

(Filed 6 February 2001)

**1. Workers' Compensation— opinion—only two signatures—validity**

The opinion and award of the Industrial Commission in a workers' compensation case is not invalid based on the fact that it was only signed and filed by two commissioners voting in the majority, because a third commissioner participated in the review of the case but retired before the decision was filed. N.C.G.S. § 97-85.

**2. Workers' Compensation— "coming and going" rule—injury while commuting between work and home—not compensable—employer-provided transportation exception not met**

The Industrial Commission erred in finding that plaintiff's injuries are compensable under the Workers' Compensation Act when plaintiff was injured while commuting between work and home, because: (1) an injury must arise out of and in the course of employment in order to be compensable under the Act; (2) the "coming and going" rule reveals that hazards of traffic are not incident to the employment and are common to the general public; and (3) plaintiff's accident does not fall within an exception to the "coming and going" rule since there is no evidence in the record to support the finding that the employer provided transportation pursuant to the terms of any employment contract.

Judge GREENE dissenting.

Appeal by defendant from opinion and award entered by the North Carolina Industrial Commission on 3 February 2000. Heard in the Court of Appeals 9 January 2001.

**TEW v. E.B. DAVIS ELEC. CO.**

[142 N.C. App. 120 (2001)]

*Lore & McClearen, by R. Edwin McClearen, for Plaintiff-Appellee.*

*Bailey & Dixon, L.L.P., by Alan J. Miles, for Defendant-Appellant.*

TYSON, Judge.

Defendant, E.B. Davis Electric Company ("Davis Electric"), contracted with Pembroke State University to serve as electrical contractor for construction of a new building. Davis Electric hired Mr. Junius Burney ("Burney") as a subcontractor for this project. Davis Electric failed to secure a certificate of compliance or written waiver regarding workers' compensation coverage from Burney.

Plaintiff, Mitchell Tew ("Tew"), had worked with Burney doing side jobs on four or five occasions in the previous nine or ten years. Burney asked Tew on 10 February 1995 to work with him on the Pembroke State University project. Tew agreed.

Tew went to Burney's home on the morning of 11 February 1995. Burney drove Tew to the work site in Burney's truck. Burney and Tew worked at the site for about eight hours, and left the job site together late that afternoon. Burney made a U-turn on the way home. A collision occurred as a result of the U-turn, killing Burney, and injuring Tew.

Tew filed a worker's compensation claim for the injuries he sustained from the accident. Hearing was held on 28 January 1998. Deputy Commissioner Teresa B. Stephenson awarded benefits to Tew on 26 June 1998. On 3 February 2000, the Full Industrial Commission ("Commission") affirmed. The award was filed with the signatures of only two commissioners. Chairman J. Howard Bunn participated in the review of the case, but retired before the decision was filed.

The Commission awarded Tew disability benefits at the rate of "$400.00 per week from 11 February 1995 for the remainder of plaintiff's life, barring change in condition." Davis Electric appeals.

The issues presented by this appeal are: (1) whether the opinion and award is valid when signed by two commissioners, and (2) whether any competent evidence exists to support the Commission's finding that Tew's injuries arose out of and in the course of his employment.

## I.

**[1]** Davis Electric contends that the opinion and award of the Commission is invalid as it was only signed and filed by two commissioners voting in the majority. We disagree.

Commissioner Bernadine S. Ballance authored the opinion, and Commissioner Laura K. Mavretic concurred. Former Commissioner J. Howard Bunn, Jr. participated in the review of the case but retired before the decision was filed.

This Court was faced with similar facts in *Pearson v. Buckner Steel*, 139 N.C. App. 394, 533 S.E.2d 532 (2000). In *Pearson*, only two commissioners signed the opinion and award. It was noted that the third commissioner had participated in the review of the case, but was unavailable at the time of filing because of illness. *Id.* Appellant in *Pearson* argued that the commission lacked jurisdiction because "two commissioners cannot constitute a panel." *Id.* This Court upheld the opinion and award because the case had been reviewed by three commissioners and rendered by a majority of the members of that panel, as required by N.C.G.S. § 97-85. *Id.*

## II.

**[2]** Next, we consider whether competent evidence exists to support the Commission's finding that Tew's injuries are compensable under the Workers' Compensation Act ("the Act"). Davis Electric contends that Tew's claim is not compensable under the Act because Tew was injured while commuting between work and home. We agree and reverse the ruling of the Commission.

An injury must arise out of and in the course of employment in order to be compensable under the Act. *Hardy v. Small*, 246 N.C. 581, 99 S.E.2d 862 (1957); *Royster v. Culp, Inc.*, 343 N.C. 279, 470 S.E.2d 30 (1996). The general rule is that an accidental injury occurring while an employee travels to and from work is not one that arises out of and in the course of employment. *Powers v. Lady's Funeral Home*, 306 N.C. 728, 295 S.E.2d 473 (1982). The "hazards of traffic are not incident to the employment and are common to the general public," and not covered by the Act. Leonard T. Jernigan, Jr., *North Carolina Worker's Compensation Law and Practice* § 6-3 (3d ed. 1999), citing *Harless v. Flynn*, 1 N.C. App. 448, 162 S.E.2d 47 (1968). This is known as the "coming and going" rule. *Id.*

**TEW v. E.B. DAVIS ELEC. CO.**

[142 N.C. App. 120 (2001)]

Tew claims that the facts here indicate that his injuries are compensable because the accident falls within an exception to the "coming and going" rule. We disagree.

Our courts recognize an exception to the "coming and going" rule where "the employer, as an incident to the contract of employment, provides the means of transportation to and from the place where the work of employment is performed." *Harris v. Farrell, Inc.*, 31 N.C. App. 204, 208, 229 S.E.2d 45, 47 (1976) (quoting *Hardy v. Small*, 246 N.C. 581, 585, 99 S.E.2d 862, 866 (1957).

"The salient factor is whether provision for transportation is a real incident to the contract of employment." *Insurance Co. v. Curry*, 28 N.C. App. 286, 289, 221 S.E.2d 75, 78, *disc. rev. denied*, 289 N.C. 615, 223 S.E.2d 396 (1976) (citing *Lassiter v. Telephone Co.*, 215 N.C. 227, 1 S.E.2d 542 (1939)). This exception is "manifested as something more than mere permission; it approaches employee transportation as a matter of right." *Id*. Within this exception, the employee is in the course of employment only if he has a contractual right to the transportation, but not if it is "gratuitous, or a mere accommodation." *Jackson v. Bobbitt*, 253 N.C. 670, 676-77, 117 S.E.2d 806, 810 (1961) (quoting *Lassiter*, supra).

In *Jackson*, our Supreme Court, stated:

> Courtesy rides given by an employer do not, generally, give rise to liability under compensation statutes. The transportation must be furnished as a real incident of the employment to come within the rule. . . .

> An employee who has completed his day's work and . . . is riding on a conveyance of the employer upon a public street, pursuant to permission, but not to any obligation on the part of the employer by contract, express or implied, to furnish such transportation, is not engaged in performing any services for his employer.

> Where an employer merely permits or authorizes the use of his facilities by an employee to return home, it is not considered as being in the course of employment, but as a convenience to the employee. An injury happening under such circumstances does not bring the employee within the compensation act.

*Id*. at 677, 117 S.E.2d at 810.

TEW v. E.B. DAVIS ELEC. CO.

[142 N.C. App. 120 (2001)]

The standard of review on appeal is whether the findings of fact are supported by competent evidence in the record, and whether the conclusions of law are supported by the findings. *Barham v. Food World*, 300 N.C. 329, 331, 266 S.E.2d 676, 678 (1980). "The determination of whether an accident arises out of and in the course of employment is a mixed question of law and fact, and this Court may review the record to determine if the Industrial Commission's findings are supported by sufficient evidence." *Royster* at 281, 470 S.E.2d at 31 (citing *Gallimore v. Marilyn's Shoes*, 292 N.C. 399, 233 S.E.2d 529 (1977)).

The Commission concluded that Tew was injured by an accident arising out of and in the course of his employment. The Commission made the following finding of fact:

> 7. Between 6:30 a.m. and 7:00 a.m., the plaintiff went to defendant Burney's home in Fayetteville and rode with defendant Burney to the work site in Pembroke pursuant to the terms of Mr. Burney's employment contract with the plaintiff. Defendant Burney had always provided transportation to the work sites because the equipment was located in defendant Burney's truck and it allowed the two men to arrive at the work site at the same time. Defendant Junius Burney drove his vehicle, a white 1987 GMC pickup truck. The plaintiff only took his hard hat and gloves when he got into defendant Burney's truck.

Davis Electric argues that there is no evidence in the record to support the finding that the employer-provided transportation was pursuant to the terms of any employment contract. We agree.

It does not appear from the record that an express or implied obligation on the part of Burney to provide transportation for Tew to and from work existed. The undisputed evidence shows that Burney called Tew on 10 February 1995, asking him to work with him the next day. They decided to meet at Burney's house to ride together to the work site.

As evidence that a contractual right to employer-provided transportation existed, Tew cites his own testimony that Burney agreed to drive because all the tools were in his truck. However, this shows that Burney drove because it was convenient to do so, not because Tew had a contractual right to such transportation. Tew refers to his testimony that Burney drove so they could arrive at the work site at the same time. This also shows that the transportation was a mere

**TEW v. E.B. DAVIS ELEC. CO.**

[142 N.C. App. 120 (2001)]

accommodation, not evidence of a contractual right to employer-provided transportation.

Evidence was presented that Burney's home was between Tew's home and the work site in Pembroke. Tew had never worked at this site before. Burney had been working there for a while. Meeting at Burney's house and riding together was convenient for both men. The undisputed evidence shows that Tew worked for Burney "only four or five times in the past nine or ten years." There is no consistent pattern upon which to infer a contractual right to employer-provided transportation.

Tew offered no evidence to support the conclusion that he had a contractual right to demand employer-provided transportation. It appears from the record that the transportation furnished was gratuitous or merely an accommodation. The absence of any competent evidence to support a finding that Burney provided Tew transportation as an incident to his contract of employment precludes recovery. As a result, Tew's injuries did not arise out of and in the course of his employment.

The opinion and award of the Commission in favor of plaintiff is reversed.

Reversed.

Judge Horton concurs.

Judge GREENE dissents.

GREENE, Judge, dissenting.

I read the majority as holding that an opinion and award (opinion) of the full Commission is valid if two of the commissioners, who are authorized to act (i.e. have not retired), indicate their written concurrence to the opinion at the time of its filing. I disagree with this holding and I, therefore, dissent.

In my opinion, there must be three commissioners authorized to act at the time the opinion is signed _and_ at the time the opinion is filed.[1] This is so because the opinion is merely tentative until it is

---

1. An opinion of the Commission is valid if concurred in by two of the three commissioners. _Estes v. N.C. State University_, 117 N.C. App. 126, 128, 449 S.E.2d 762, 764 (1994).

signed <u>and</u> filed and, in order for the opinion to reflect the *final* judgment of the full Commission, all three commissioners must be authorized to act not only at the time of its signing but also at the time of its filing. In other words, the opinion is not finalized until it is *entered* and it is not entered until it is in writing, signed by the three commissioners, and filed with the Industrial Commission.[2]

In this case, only two commissioners signed the opinion prior to the time the opinion was filed. Thus, the opinion is void and I would remand the matter to the Commission for rehearing before a duly constituted Commission.[3]

I do not believe *Estes* or *Pearson v. C.P. Buckner Steel Erection,* 139 N.C. App. 394, 533 S.E.2d 532 (2000), requires a different result, as neither of these cases squarely address the issue presented in the case *sub judice*. In *Estes*, the opinion of the full Commission was vacated on the ground the term of one of the three commissioners had expired at the time he *signed* the opinion. *Estes*, 117 N.C. App. at 128, 449 S.E.2d at 764. Thus, this Court did not address in *Estes* the issue of whether an opinion of the full Commission must be vacated when the opinion is properly *signed* by all three commissioners but is not *filed* until after one of the signing commissioners is no longer serving as a commissioner. Likewise, in *Pearson*, the intervenor argued the opinion of the full Commission was invalid because the panel of commissioners, who reviewed the case, consisted of only

2. Although the Rules of Civil Procedure "are not strictly applicable to proceedings under the Worker's Compensation Act," *Hogan v. Cone Mills Corp.*, 315 N.C. 127, 137, 337 S.E.2d 477, 483 (1985), a Rule of Civil Procedure may be applied when there is no counterpart to that Rule under the Rules of the Industrial Commission, *see* N.C.G.S. § 1A-1, Rule 1 (1999). In my opinion, it is appropriate to apply Rule 58 of the North Carolina Rules of Civil Procedure in this context. Pursuant to Rule 58, a judgment or order is not enforceable, or final, until it is entered. *See West v. Marko*, 130 N.C. App. 751, 755, 504 S.E.2d 571, 573 (1998). Rule 58 provides that "a judgment is entered when it is reduced to writing, signed by the judge, and filed with the clerk of court." N.C.G.S. § 1A-1, Rule 58 (1999).

Additionally, I acknowledge this Court often files opinions indicating a concurrence by a judge who was no longer serving on this Court at the time the opinion was filed. Such opinions indicate the judge concurred in the opinion while he or she was still serving on this Court. As this Court is not bound by the Rules of Civil Procedure, my holding in the case *sub judice* would not affect this Court's filing of opinions in the manner described above.

3. The problem created by the retirement of a commissioner can easily be resolved by the Industrial Commission. In the event a commissioner is, for any reason, unable to participate in the review of the award, section 97-85 gives authority to the chairman of the Industrial Commission to "designate a deputy commissioner to take the place of a commissioner on the review of any case." N.C.G.S. § 97-85 (1999).

STATE ex rel. UTILS. COMM'N v. CAROLINA UTIL. CUSTOMERS ASS'N

[142 N.C. App. 127 (2001)]

two commissioners. *Pearson*, 139 N.C. App. at 400, 533 S.E.2d at 535. Because "the opinion clearly state[d] that there was a third Commissioner on the panel," the Pearson court rejected the intervenor's argument. The intervenor did not argue the opinion was in invalid because is was signed by only two commissioners at the time it was filed; thus, the issue in the case sub judice was not addressed in *Pearson*.