***********
The undersigned reviewed the prior Opinion and Award, based upon the record of the proceedings before Deputy Commissioner Holmes. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; and having reviewed the competent evidence of record, the Full Commission modifies and affirms the Opinion and Award of Deputy Commissioner Holmes.
 ***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered by the parties at the hearing before the Deputy Commissioner as:
 STIPULATIONS
1. All parties were properly before the Deputy Commissioner and the Industrial Commission had jurisdiction over the parties and the subject matter.
2. All parties have been correctly designated, and there is no question as to misjoinder or nonjoinder of parties.
3. That an employer/employee relationship existed between the parties at the time of the alleged injury.
4. The employer in this case is APAC Carolina/Barrus Construction Co., and the carrier and/or claims administrator liable on the risk is ACE USA/ESIS.
5. On February 14, 2000 at approximately 6:45 a.m. the plaintiff was involved in an automobile accident with a third party on N.C. Highway 53.
6. That plaintiff was driving from his residence located at 72 Cypress Creek Road, Maple Hill, N.C. to employer's office located at Bell Fork Road, Jacksonville, N.C.
7. That the plaintiff was driving a vehicle that was leased by the employer from BLC Corporation.
8. The parties agree that the plaintiff earned approximately $38,732.00 for the 52-week period preceding February 14, 2000, thus his average weekly wage was $748.45 per week.
9. That the plaintiff sustained a spinal fracture at T12-L1 with approximately 50% compromise and height of the vertebrae with some impingement in the spinal canal. Said injury was treated with decompression and spinal fusion, using facet hooks and pedicel screws.
10. That the plaintiff was found to be disabled by the Social Security Administration, however, the defendants disputes that the employee was permanently disabled.
 ***********
Based upon all of the competent evidence of record and reasonable inferences flowing therefrom, the Full Commission makes the following:
 FINDINGS OF FACT
1. On February 14, 2000, plaintiff was employed as an estimator with Barrus Construction Company. He has been so employed since 1977.
2. As an estimator, plaintiff's duties included meeting customers, determining the quantity of work to be done on a project, developing contracts, determining final quantities for jobs and preparing bills. Plaintiff's job duties included traveling from various job sites and running errands. Sometimes plaintiff would transport other employees to work. Plaintiff was on call seven days a week and often worked on weekends.
3. Prior to working as an estimator, plaintiff worked as a surveyor at Barrus, requiring him to take measurements relating to construction jobs.
4. Plaintiff lived approximately 21 miles from the Barrus office in Jacksonville. The majority of the time, plaintiff traveled straight to the office on weekday mornings from his house.
5. On the morning of February 14, 2000, plaintiff left his home in Maple Hill, North Carolina at approximately 6:30 a.m. and was traveling to work on Highway 53.
6. Plaintiff testified at the hearing before the Deputy Commissioner that on February 14, 2000 he was not traveling to run any errands to benefit his employer and his destination was the Jacksonville, North Carolina office of Barrus. Plaintiff was driving a Ford Explorer leased by Barrus and Barrus did not give plaintiff any travel allowance for his commutes to and from work.
7. The plaintiff was approximately seven miles outside of Jacksonville when his vehicle collided with another vehicle. The plaintiff was alone in his vehicle at the time of the accident.
8. Plaintiff sustained back injuries in the accident and was transported to a hospital in Jacksonville.
9. The plaintiff was later transported to Cape Fear Hospital in Wilmington when his x-rays revealed a fracture at his L-1 vertebrae. Dr. Robert Wilfong performed a spinal fusion on the plaintiff and he remained hospitalized for ten days.
10. Dr. Wilfong ultimately released plaintiff to return to work and he went back to work at Barrus from May, 2000 through February 7, 2001. During these nine (9) months, plaintiff performed quantity takeoffs for estimators, took measurements of units at job sites, and performed survey layouts.
11. On February 7, 2001, plaintiff left work with Barrus and has not worked anywhere since.
12. Dr. Wilfong remains as plaintiff's primary treating physician. The plaintiff continues to experience pain.
13. Dr. Wilfong opined that plaintiff reached maximum medical improvement in April of 2001 and stated that there is a chance that plaintiff may need future surgery because of the hardware used in his surgery.
14. Defendant/employer Barrus gave plaintiff a choice of driving his company vehicle to and from work or driving his own personal vehicle to and from work each day. There would have been no disadvantage to plaintiff had he elected to leave the Explorer at work at the end of each workday rather than drive it home. No one at Barrus ever told plaintiff that he had to take his company vehicle home at night. Plaintiff chose to drive the Explorer to and from his house each day, instead of his personal vehicle.
15. Barrus employees who were permitted to use company vehicles were required to fill out an expense account form on a monthly basis. On these forms, they had to record personal miles and business miles. For every personal mile listed, a calculation would be made as to the value of that mileage and it would be declared by the employee as income, and the employee would then be taxed on that income. On the front of the expense form, the employee was required to fill in his work-related mileage for that month in a column labeled "Business Miles" and was required to list his personal miles for that month in a column labeled "Other Personal Miles." It was Barrus' expectation that the mileage incurred by employees traveling to and from work be included within the personal mileage category. Plaintiff, along with other Barrus employees, attended a meeting several years ago in which Barrus employees were informed on this procedure.
16. At the hearing before the Deputy Commissioner, the plaintiff testified that he knew that he would be taxed for every personal mile he placed on the vehicle. According to Plaintiff's expense forms for 1999 and 2000 plaintiff listed his mileage to and from work in the personal miles category, based on his understanding that he was going to be taxed on these miles.
17. The competent evidence in the record establishes that the provision of the leased Explorer was not a contractual benefit of plaintiff's employment. No contractual right to employer-provided transportation existed as the provision for transportation offered plaintiff by defendant was not an incident to plaintiff's contract of employment with defendant. Plaintiff had no contractual right to the transportation and therefore plaintiff's right to the transportation was a mere accommodation.
18. The competent evidence in the record further establishes that on February 14, 2001, plaintiff was commuting to work and was thus outside the scope of his employment with Barrus.
 ***********
Based upon the foregoing stipulations and findings of fact, the Full Commission reaches the following:
 CONCLUSIONS OF LAW
1. Plaintiff must prove by the greater weight of the evidence that he sustained an injury by accident arising out of and in the course of his employment. N.C. Gen. Stat. § 97-2(6). An injury occurring while an employee is traveling to and from work does not arise in the course of employment and is not compensable. Royster v. Culp, Inc., 343 N.C. 279,470 S.E.2d 30 (1996); Jennings v. Backyard Burgers of Asheville,123 N.C. App. 129, 472 S.E.2d 205 (1996). In the instant case, plaintiff has not established that he sustained an injury by accident arising out of and in the course of his employment with defendant on February 14, 2000.
2. The greater weight of the competent evidence in the record establishes that plaintiff was not engaged in performing any service for his employer at the time of his accident. The "hazards of traffic" are common to the general public and therefore not incident to employment.Tew v. E.B. Davis Electric Company, 142 N.C. App. 120, 541 S.E.2d 764
(2001) citing Harless v. Flynn, 1 N.C. App. 448, 162 S.E.2d 47 (1968).
3. The vehicle provided in the present case was not incident to the contract of employment. A claim may be compensable, pursuant to the "contractual duty" exception, if a vehicle is provided as a matter of right as a result of the employment contract. If a vehicle is "provided permissively, gratuitously or as an accommodation, the employee is not within the course of employment while in transit." Hunt v. Tender LovingCare Home Care Agency, 153 N.C. App. 266, 569 S.E.2d 675, disc. reviewdenied, 356 N.C. 436, 572 S.E.2d 784 (2002).
4. An exception to the "coming and going" rule states that if an employer provides a vehicle or compensation to cover the cost of transportation, injuries that occur while commuting to and from work are compensable. Puett v. Bahnson Co., 231 N.C. 711, 58 S.E.2d 633 (1950). The facts in Puett are distinguishable from the present case since Barrus provided plaintiff with a vehicle in which plaintiff listed all of the miles traveling to and from work as personal miles and paid taxes for these miles. The competent evidence in the record establishes plaintiff was traveling alone on February 14, 2000 and Barrus never paid plaintiff a travel allowance for the miles he traveled to work and back home. Therefore, plaintiff's injury on February 14, 2000 does not fall under the paid travel exception to the "coming and going" rule.
5. Based on the totality of the circumstances in the present case, plaintiff did not sustain an injury by accident arising out of and in the course of his employment with defendant-employer on February 14, 2000. Plaintiff's claim, therefore, is not compensable under the provisions of the North Carolina Workers' Compensation Act. N.C. Gen. Stat. §97-2(6).
 ***********
Based upon the foregoing findings of fact and conclusions of law, the undersigned enters the following:
 AWARD
1. Under the law, plaintiff's claim must be, and the same is DENIED.
2. Each side shall bear its own costs, except the defendants shall pay an expert witness fee of $700.00 to Dr. Robert F. Wilfong.
This the 6th day of January, 2004.
 S/_____________ PAMELA T. YOUNG COMMISSIONER
CONCURRING:
 S/______________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
 S/___________________ BERNADINE S. BALLANCE COMMISSIONER