ANDREW GOETZ AND CATHERINE GOETZ, PERSONAL REPRESENTATIVES AND GUARDIANS AD LITEM FOR THE MINOR CHILD HAYDEN L. GOETZ, CLAIMANTS V. WYETH-LEDERLE VACCINES AND N.C. DEPARTMENT OF HEALTH AND HUMAN SERVICES, RESPONDENTS

No. COA04-387

(Filed 1 March 2005)

**1. Public Health— vaccine injury act—appeal—full commission—panel of three**

The language of N.C.G.S. § 130A-428(b) stating that an appeal be heard by the Industrial Commission sitting as a full commission does not require the entire seven-member body of the

GOETZ v. WYETH-LEDERLE VACCINES

[168 N.C. App. 712 (2005)]

Industrial Commission to hear all appeals under the Childhood Vaccine-Related Injury Compensation Program, but instead means a panel of three commissioners.

2. **Public Health— vaccine injury act—appeal—consideration by two commissioners—full panel required**

The Industrial Commission erred in an action for damages under the North Carolina Childhood Vaccine-Related Injury Compensation Program by allowing the case to be reviewed by only two commissioners and the case is remanded for a new hearing, because: (1) the vaccine injury act requires that each appeal be decided by a panel of three commissioners, N.C.G.S. § 130A-428(b); (2) the instant case not only involves one commissioner's inability to sign the decision at the time of filing but also the commissioner's recusal immediately after oral arguments and absence during review of the appeal; and (3) although a decision may be rendered by a two-commissioner majority when the third commissioner is unavailable to sign at the time of filing, the appeal must be heard by the Commission sitting as a full commission, meaning a panel of three commissioners.

Appeal by claimants from decision and order entered 25 November 2003 by the North Carolina Industrial Commission. Heard in the Court of Appeals 3 November 2004.

*Wallace, Creech & Sarda, L.L.P., by Peter J. Sarda, John R. Wallace, and Joseph A. Newsome, for claimants-appellants.*

*Attorney General Roy Cooper, by Assistant Attorney General Stacey A. Phipps, for respondents-appellees.*

CALABRIA, Judge.

Andrew Goetz, Catherine Goetz, and Hayden L. Goetz (collectively "claimants") appeal from a decision and order of the North Carolina Industrial Commission (the "Commission") denying their claim for damages under the North Carolina Childhood Vaccine-Related Injury Compensation Program. We vacate and remand.

On 14 May 1993, Hayden L. Goetz ("Hayden") was born to Andrew and Catherine Goetz ("Mr. and Mrs. Goetz"). On 6 July, 31 August, and 19 November 1993, Hayden received doses of diphtheria/pertussis/tetanus vaccine ("DPT shot") manufactured by Wyeth-Lederle Vaccine's predecessor, Lederle Labs. According to Mr. and

Mrs. Goetz, after each DPT shot, Hayden had fevers ranging from 102-106 degrees and was irritable. The evening after the second shot, he awoke screaming and screamed inconsolably for approximately forty-five minutes. After the second and particularly the third DPT shot, Mr. and Mrs. Goetz and Hayden's grandmother noticed that Hayden seemed lethargic, limp, less responsive, and over time appeared to lag in reaching his developmental milestones. In July 1996, when Hayden was age three, a pediatric neurologist determined that Hayden had a non-progressive alteration in brain functioning, termed a "static encephalopathy," due to an unknown cause and that he suffered from some degree of mental retardation.

In March 1999, claimants filed a claim for a vaccine-related injury in the United States Court of Federal Claims pursuant to the National Vaccine Injury Compensation Program. In January 2001, the United States Court of Appeals for the Federal Circuit dismissed their claim for violation of the applicable statute of limitations. Having exhausted their federal claims, claimants filed a claim for vaccine-related injury pursuant to the North Carolina Childhood Vaccine-Related Injury Compensation Program. On 17 March 2003, a deputy commissioner, sitting for the Commission, denied their claim. On 24 March 2003, claimants appealed to the Commission. A panel of three commissioners heard oral arguments in the matter. Immediately following oral arguments, one commissioner recused himself from review of the appeal. The remaining two commissioners reviewed the appeal and entered a "Decision and Order" on 25 November 2003 denying their claim. From this "Decision and Order," claimants appeal.

There are no North Carolina appellate court opinions reviewing the North Carolina Childhood Vaccine-Related Injury Compensation Program (the "vaccine injury act" or the "act"), N.C. Gen. Stat. §§ 130A-422 through 434 (2003). Therefore, a brief overview of the act is provided. The vaccine injury act became effective 1 October 1986 and "applies to all claims for vaccine-related injuries . . . ." N.C. Gen. Stat. § 130A-432 (2003). Similar to the National Vaccine Injury Compensation Program, 42 U.S.C. §§ 300aa-10 through 34 (2003), the vaccine injury act is an attempt to address concerns regarding the inability of the civil tort system to provide sufficient compensation to children injured by childhood immunizations and also concerns about maintaining the viability of a shrinking number of childhood vaccine manufacturers. *See* Daniel A. Cantor, *Striking a Balance Between Product Availability and Product Safety: Lessons from the Vaccine*

*Act*, 44 Am. U.L. Rev. 1853, 1858-60 (1995) (examining the aims of the National Vaccine Injury Compensation Program). To these ends, the vaccine injury act authorizes the Commission "to hear and pass upon all claims filed pursuant to [the vaccine injury act]." N.C. Gen. Stat. § 130A-424 (2003). The act also provides that a claim may be filed with the Commission only after a claimant has exhausted his remedies under the National Vaccine Injury Compensation Program or other federal law. N.C. Gen. Stat. § 130A-423(b1) (2003). In addition, the rights and remedies provided claimants under the vaccine injury act's provisions are exclusive. N.C. Gen. Stat. § 130A-423(b) (2003). However, nothing in the act prohibits "a civil action against a vaccine manufacturer for damages for a vaccine-related injury or death if the action is not barred by federal law . . . ." N.C. Gen. Stat. § 130A-423(c) (2003).

After a claim is filed under the act, the Commission conducts a hearing, and a member of the Commission or a deputy thereof, sitting for the Commission, determines whether a claimant sustained a vaccine-related injury. N.C. Gen. Stat. § 130A-424. If the commissioner or deputy determines "that a claimant has sustained a vaccine-related injury, the Commission [must] make an award providing compensation or services . . . ." N.C. Gen. Stat. § 130A-427(a) (2003). The monetary compensation for an injured individual may not exceed $300,000, and any services provided are not included as a part of the monetary compensation but are in addition to it. N.C. Gen. Stat. § 130A-427(b) (2003). After the commissioner or deputy makes a decision, any party to the proceedings has fifteen days to appeal the decision to the Commission. N.C. Gen. Stat. § 130A-428(b) (2003). The appeal must "be heard by the Commission, sitting as a full commission, on the basis of the record in the matter and upon oral argument of the parties . . . ." *Id.* Any party may appeal the Commission's decision to this Court for errors of law within thirty days. N.C. Gen. Stat. § 130A-428(c) (2003).

**[1]** Claimants first assert the plain language of N.C. Gen. Stat. § 130A-428(b), that an appeal "be heard by the Commission, sitting as a full commission . . . [,]" requires the entire seven member body of the Commission to hear all appeals under the act. Claimants, however, failed to properly preserve this issue for appellate review. Under N.C. R. App. P. 10(b)(1), "[i]n order to preserve a question for appellate review, a party must have presented . . . a timely request, objection or motion, stating the specific grounds for the ruling the party desired . . . ." The record contains no evidence that claimants

objected to the size or composition of the three commissioner panel at any time prior to the close of the hearing. Moreover, were we to consider this issue, the clear statutory requirement that a panel of three commissioners review awards under the Worker's Compensation Act, N.C. Gen. Stat. § 97-85 (2003), and the Commission's practice of sitting in panels of three to hear appeals under the Tort Claims Act, which requires that appeals "be heard by the Industrial Commission, sitting as a full Commission . . . [,]" N.C. Gen. Stat. § 143-292, make unpersuasive claimants' assertion that the legislature's use of the term "full commission" in N.C. Gen. Stat. § 130A-428(b) was intended to mean something other than a panel of three commissioners.

[2] In the alternative, claimants assert the panel's "Decision and Order" are invalid because only two commissioners reviewed their appeal. As noted above, both the vaccine injury act and the Worker's Compensation Act require that each appeal be decided by a panel of three commissioners. N.C. Gen. Stat. § 130A-428(b); N.C. Gen. Stat. § 97-85. Based on this similarity, we may obtain guidance from worker's compensation precedent in addressing claimants' assertion.

In two worker's compensation cases, *Pearson v. C.P. Buckner Steel Erection*, 139 N.C. App. 394, 533 S.E.2d 532 (2000), and *Tew v. E.B. Davis Elec. Co.*, 142 N.C. App. 120, 541 S.E.2d 764 (2001), this Court was faced with an opinion by the Commission signed by only two of three commissioners. The third commissioner in each case had participated in the review of the appeal but had been unavailable to sign the opinion before filing. *Pearson*, 139 N.C. App. at 400, 533 S.E.2d at 535; *Tew*, 142 N.C. App. at 122, 541 S.E.2d at 766. In both cases, this Court upheld the Commission's opinion because each opinion "had been reviewed by three commissioners and rendered by a majority of the members of that panel . . . ." *Tew*, 142 N.C. App. at 122, 541 S.E.2d at 766.

The instant case not only involves one commissioner's inability to sign the decision at the time of filing but also the commissioner's recusal immediately after oral arguments and absence during review of the appeal. Although a decision may be rendered by a two commissioner majority when the third commissioner is unavailable to sign at the time of filing, the appeal must nonetheless "be heard by the Commission, sitting as a *full commission* . . . [,]" meaning a panel of three commissioners. N.C. Gen. Stat. § 130A-428(b) (emphasis added). The review of an appeal by only two commissioners does not constitute a hearing by "a full commission." *Id.* Therefore, in the

CLAYTON v. N.C. STATE BAR

[168 N.C. App. 717 (2005)]

instant case, the review of claimants' appeal by only two commissioners violated N.C. Gen. Stat. § 130A-428(b) and made the "Decision and Order" invalid as a matter of law. Accordingly, the Commission's "Decision and Order" are vacated, and the cause is remanded for a new hearing. Having so held, we need not address claimants' remaining assignments of error.

Vacated and remanded.

Judges HUNTER and LEVINSON concur.