An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA13-994
NORTH CAROLINA COURT OF APPEALS

Filed:  3 June 2014

SHARON SKOFF, Employee
    Plaintiff

    v.

U.S. AIRWAYS, INC., Employer, and
NEW HAMPSHIRE INSURANCE CO.,
Carrier, (CHARTIS CLAIMS, INC.,
Third Party Administrator)
    Defendants

From the North Carolina
Industrial Commission
I.C. File No. X67234

Appeal by defendants from opinion and award entered 25 June 2013 by the North Carolina Industrial Commission.  Heard in the Court of Appeals 22 January 2014.

    *The Sumwalt Law Firm, by Vernon Sumwalt, and Ted A. Greve & Associates, PA, by Ted A. Greve, for plaintiff-appellee.*

    *Brooks, Stevens & Pope, P.A., by Frances M. Clement and Daniel C. Pope, Jr., for defendant-appellants.*

    CALABRIA, Judge.

    U.S. Airways, Inc. ("U.S. Airways") and New Hampshire Insurance Company (collectively, "defendants") appeal from an opinion and award by the Full Commission of the North Carolina Industrial Commission ("the Commission") granting Sharon Skoff's

("plaintiff") claim for workers' compensation benefits. We affirm.

## I. Background

Plaintiff was employed as a flight attendant with U.S. Airways since 1988. On 29 September 2011, plaintiff disembarked at Charlotte Airport from a U.S. Airways flight on which she had been serving as a flight attendant. She boarded an airport employee shuttle bus ("the bus") that was so crowded she had to stand to travel from the terminal to the employee parking lot about two miles away ("the parking lot"). Plaintiff was standing shoulder to shoulder with other employees in the aisle near luggage shelves. The bus driver braked suddenly during the journey to the parking lot, causing plaintiff to fall forward. A piece of luggage hit plaintiff, and another airport employee who was also riding the bus fell on top of plaintiff. As a result, plaintiff sustained injuries to her neck and shoulder that required medical treatment, specifically an anterior cervical discectomy and fusion.

Plaintiff was unable to work in any capacity since the date of the accident, and filed a claim with U.S. Airways alleging to have suffered a compensable injury. U.S. Airways denied plaintiff's claim on 14 October 2011, finding that "the alleged

incident did not occur within the course and scope of employment." Plaintiff requested her claim be assigned for hearing, seeking workers' compensation from U.S. Airways. Deputy Commissioner George R. Hall, III ("Deputy Commissioner Hall") heard the matter on 28 August 2012. Deputy Commissioner Hall entered an Opinion and Award on 5 December 2012, finding and concluding that plaintiff sustained a compensable injury on 29 September 2011 under both the "only means of ingress or egress" or "special hazards"[1] exception and the "provision of transportation" exception to the "coming and going" rule. Defendants appealed to the Full Commission.

On 25 June 2013, the Commission entered an Opinion and Award upholding Deputy Commissioner Hall's Opinion and Award, concluding that plaintiff had a compensable injury to her neck and shoulder on 29 September 2011 arising out of and in the course of her employment with U.S. Airways. The Full Commission also found and concluded that the "only means of ingress or egress" exception and the "provision of transportation" exception to the "coming and going" rule applied. Plaintiff was awarded, *inter alia*, reasonable and necessary medical

---

[1] For the sake of simplicity, we will refer to this exception as the "only means of ingress or egress" exception.

compensation as well as temporary total disability compensation. Defendants appeal.

## II. Standard of Review

Defendants argue that the Commission erred in concluding plaintiff had a compensable injury by accident arising out of and in the course of employment with U.S. Airways because neither the "only means of ingress or egress" exception nor the "provision of transportation" exception apply in the circumstances of the instant case. We disagree.

Review of an opinion and award of the Industrial Commission "is limited to consideration of whether competent evidence supports the Commission's findings of fact and whether the findings support the Commission's conclusions of law. This 'court's duty goes no further than to determine whether the record contains any evidence tending to support the finding.'" *Richardson v. Maxim Healthcare/Allegis Grp.*, 362 N.C. 657, 660, 669 S.E.2d 582, 584 (2008) (quoting *Anderson v. Lincoln Constr. Co.*, 265 N.C. 431, 434, 144 S.E.2d 272, 274 (1965)). "The Commission is the sole judge of the credibility of the witnesses and the weight to be given their testimony." *Anderson*, 265 N.C. at 433-34, 144 S.E.2d at 274.

Generally, "injuries occurring while an employee travels to and from work do not arise in the course of employment[.]" *Barham v. Food World, Inc.*, 300 N.C. 329, 332, 266 S.E.2d 676, 678-79 (1980). However, there are several exceptions to this rule, including the "provision of transportation" exception. Under the "provision of transportation" exception, an injury during travel arises in the course of employment where "the employer furnishes the means of transportation as an incident to the contract of employment." *Strickland v. King*, 293 N.C. 731, 733, 239 S.E.2d 243, 244 (1977). *See also Tew v. E.B. Davis Elec. Co.*, 142 N.C. App. 120, 123, 541 S.E.2d 764, 766 (2001) (recognizing the exception where "the employer, as an incident to the contract of employment, provides the means of transportation to and from the place where the work of employment is performed."). The "provision of transportation" exception applies when either "employees are required, or as a matter of right are permitted, to use [the transportation] by virtue of the contract" of employment. *Jackson v. Bobbitt*, 253 N.C. 670, 676-77, 117 S.E.2d 806, 810 (1961).

In the instant case, plaintiff was injured on a crowded bus designated for airport employees to travel between the terminal and the parking lot. The evidence at the hearing showed that

U.S. Airways contracted with the City of Charlotte for U.S. Airways employees' use of the parking lot. Cindy Monsam ("Monsam"), U.S. Airways' director of planning and administration, testified that the airport provided parking passes and "hang tags" to U.S. Airways for distribution to employees. U.S. Airways employees were assigned their parking passes when they were hired or assigned to the Charlotte airport. When the parking passes were assigned to its employees, U.S. Airways notified the airport, which then billed U.S. Airways for the assigned parking passes. Monsam testified that U.S. Airways paid $20.42 per month for an employee parking pass, and that employees were not reimbursed for parking in other places. (T p 50, 66) Monsam indicated that employees were encouraged to park in the designated employee parking lots, that most of the 7000 U.S. Airways employees who parked in the parking lot used the bus to travel between the parking lot and the terminal, that employees were permitted to take the bus to the terminal, and that U.S. Airways approved of its employees' use of the bus.

The Commission found that, by the greater weight of the evidence, the parking passes and "hang tags" paid for by U.S. Airways constituted a valuable mutual benefit to both U.S.

Airways and its employees in consideration of and as an incident to their contract of hire, at least as an unwritten or implied connection to the underlying purpose of the contract. By taking measures to make parking available for its employees, U.S. Airways invited and encouraged its employees to use the designated employee parking lots at the airport, and U.S. Airways knew and approved of its employees using the bus to travel between the parking lot and the airport terminal. The Commission also found that, by the greater weight of the evidence, the buses were the "recognized, customary, and habitual way, if not the only or exclusive way," for flight attendants to travel between the parking lots and the airport terminal.

Defendants contend that the Commission erred in relying upon *Puett v. Bahnson Co.*, 231 N.C. 711, 58 S.E.2d 633 (1950), for its conclusion that plaintiff's injury fell within the "provision of transportation" exception. In *Puett*, the plaintiffs were injured in an automobile collision while they were commuting from Morganton to Rhodhiss to install an air-conditioning system. *Id*. at 712, 58 S.E.2d at 633. The plaintiffs' employer paid each employee an extra $20.80 per week to cover living and travel expenses. *Id*. Our Supreme Court

upheld the Commission's award in favor of the plaintiffs, holding that the injuries were compensable where the cost of transporting employees to and from their work was an incident to their contract of employment. *Id*. at 713, 58 S.E.2d at 634.

In the instant case, the evidence at the hearing showed that U.S. Airways provided parking at the airport employee parking lots for its employees, furnished its employees with parking passes, and paid the parking fees to the airport as an incident to plaintiff's employment. Monsam specifically testified that U.S. Airways paid $20.42 per month for an employee parking pass, and that employees were not reimbursed for parking in other lots. Therefore, since U.S. Airways provided parking at the parking lot for its employees and paid the parking fees instead of requiring employees to pay for parking, plaintiff had the right to use the bus that routinely traveled between the parking lot and the terminal. The Commission's reliance on *Puett* was not misplaced.

While defendants contend that U.S. Airways does not require its flight attendants to ride the bus between the terminal and the parking lots, the evidence at the hearing supported the Commission's finding that it was not only a benefit to both employer and employee, but it was also approved by U.S. Airways

as the "recognized, customary, and habitual way, if not the only or exclusive way" for flight attendants to travel between the parking lot and the terminal. The use of the buses by U.S. Airways employees travelling between the parking lot and the terminal is implied in the assignment of an employee's parking pass, and these privileges are considered a matter of right for the employees. *Tew*, 142 N.C. App. at 123, 541 S.E.2d at 767.

The evidence at the hearing supports the Commission's findings, and the findings support the Commission's conclusion that plaintiff sustained a compensable injury that arose in the course of her employment. The evidence also supports the Commission's findings that plaintiff's injury occurred at a place and under circumstances where the "provision of transportation" exception to the "coming and going" rule applies to the facts of this case. Because we find that the Commission correctly concluded that plaintiff's injury was compensable pursuant to the "provision of transportation" exception, we need not address the parties' remaining arguments. *See Hollin v. Johnston Cty. Council on Aging*, 181 N.C. App. 77, 81-84, 639 S.E.2d 88, 91-92 (2007) (holding plaintiff's injuries were compensable where one of three different exceptions applied). We affirm the Commission's order and award.

Affirmed.

Judges BRYANT and GEER concur.

Report per Rule 30(e).